SAMUEL SURFACE, Respondent, *vs.* THE HANNIBAL & ST. JO-
SEPH RAILROAD COMPANY, Appellant.

1. *Texas cattle—Transportation of from one county to another by new owner after
    importation—Original introducer not liable.*—Where Texas cattle are, dur-
    ing the prohibited season, brought by a railway company into one county of
    the State, and afterward transported by an owner, having no connection with
    the road, into another county, such transportation under the law (Wagn. Stat.,
    251, *et seq.*) would be a new offense independent of the first, and for disease
    communicated by the cattle while in the county into which they had been so
    transported, the company would not be liable. (See Wilson v. Kans. City, St.
    Jo. & Council Bluffs R. R., *ante* p. 184.)

*Appeal from Grundy Circuit Court.*

*Willard P. Hall, Jr., with Carr & Oliver,* for Appellant.

*M. A. Low,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought before a justice of the peace to re-
cover damages of the defendant, for the wrongful shipment
by it of Texas cattle to the county of Caldwell, during a
period of the year in which said transportation of said cattle
to any county of this State is made unlawful.

This case is in most particulars identical in principle with
the cases of Husen vs. The Hannibal and St. Jo. R. R. Com-
pany, and the case of Wilson vs. Kansas City, St. Joseph and
Council Bluffs R. R. Co., decided at the present term. This
case, however, has one additional point in it not raised by the
record in the cases before referred to. The difference is this:
The evidence in this case tends to prove that the defendant
shipped Texas cattle for Messrs. Thompson & Taylor, into the
county of Caldwell, during a period of the year when it is
made unlawful to ship or drive any such cattle into any
county in this State; that said cattle were delivered to said
Thompson & Taylor in said county of Caldwell; that some
time after said cattle had been brought to Caldwell county
by the defendant, the owners of the cattle, (Thompson &
Taylor) drove said cattle out of the county of Caldwell into

the county of Davis, and in the vicinity of the residence of plaintiff, and that it was there and by this means that the Texas fever was communicated to the plaintiff's cattle, and. for which injury this action is brought.

In view of this evidence the defendant asked the court, among other declarations of law prayed for, to declare the law as follows: " If the court believe from the evidence, that the plaintiff's cattle sued for were infected with and died from the disease, commonly called Texas or Spanish fever, in the county of Davis, communicated to said cattle in Davis county, three or four miles from the line of defendant's railroad, by the Texas cattle of Thompson & Taylor, and by them driven. into Davis county, and to the place where said disease was so communicated, the defendant was not liable for this action, and the court should so find."

This declaration of law ought to have been given, but was refused by the court.

The statute, upon which this action is founded, provides that "No Texas, Mexican or Indian cattle shall be driven or otherwise conveyed into or remain in any county in this State, between the first day of March and the first day of November, in each year, by any person or persons whatsoever."[*] Other sections of the statute inflict penalties on parties for a violation of this law, in driving or conveying such cattle into " *any county* of this State."

The 9th section of the act, as amended by the act of 1873, provides, that if any person or persons shall drive or other· wise convey any of the prohibited cattle into *any county* in this State, in violation of the first section of the act, he or they shall be liable in all cases for all damages sustained, etc.

It seems from the foregoing that the statute makes it an offense to remove the prohibited cattle from one county to another county of the State ; and makes the party so violating the law liable for all damages, etc.

[*] (The above extract is an exact quotation from the original Texas cattle law. —REP.)

This action was brought against the defendant for bringing cattle into Caldwell county in violation of the statute. The evidence tends to show that the cattle were afterwards driven by Thompson & Taylor into Davis county, which was a new and independent offense under the statute, and they were made liable under the statute for all damages growing out of this unlawful act. We do not think that it is a proper construction of the statute to hold the defendant liable for the damages growing out of this new and independent violation of the law.

All other questions involved in this case have been fully considered in the case of Wilson v. Kansas City, St. Jo. & C. B. R. R. Co., decided at the present term.

The judgment will be reversed, and the case remanded. The other judges concur.