THEODORE L. SMITH, Respondent, v. CHARLES WARREN, Appellant.

**Kansas City Court of Appeals, April 1, 1901.**

1. **Bills and Notes: EXTENSION OF TIME: CONSIDERATION: INDORSER.** A valid agreement upon a valuable consideration, whereby the holder extends the time of payment of a note without the consent of the indorser, discharges the indorser; but if there be no consideration there is no discharge.

2. ———: LIABILITY OF INDORSER TO MAKER: SPECIFIC PERFORMANCE: PAYMENT: DECREE: INSOLVENCY. Where an indorser in a subsequent transaction agrees with the insolvent maker to pay the note to the holder and does not, such maker is not entitled to specific performance of the agreement until he pays the note and a decree rendering judgment against the indorser with execution is bad. Suggestions as to proper decree.

Appeal from Grundy Circuit Court.—*Hon. Paris C. Stepp,* Judge.

REVERSED.

*Hall & Hall* for appellant.

(1) This action can not be maintained and the finding and judgment should have been for defendant. The evidence

is undisputed and the court found that the note in question was dated February 9, 1898, due one year after date, and that about the time it became due it was extended for another year or until February 9, 1900, while this suit was commenced December 5, 1899, more than two months before the note became due.

*Kerr & Kerr* for respondent.

(1)   The extension of a note for a definite time is a new contract and requires a new and independent consideration to support it.   Payment of a higher rate of interest is a good consideration for an extension.   Real Estate Co. v. Clark, 84 Mo. App. 163; Wayman v. Jones, 58 Mo. App. 313; Clarkson v. Creely, 35 Mo. 95.   So is the payment of interest in advance. Bank v. Love, 62 Mo. App. 378.

SMITH, P. J.—The case presented by the record is in substance this:

On February 9, 1898, the plaintiff with others executed to the defendant a negotiable promissory note for $250, due one year after date.   In April, 1899, the defendant, for a valuable consideration, indorsed and delivered said note to one Taylor. On the day before the note became due, the plaintiff's brother, Cabe L. Smith, who was one of the joint makers thereof, with the knowledge and consent of the defendant, entered into a parol agreement with Taylor whereby the latter promised the said Smith that if he did not need the money said note could run for another year.   There was no consideration received or given for the conditional extension of the time of payment.

On the twenty-fourth of November, 1899, the plaintiff by deed conveyed to defendant certain real estate, the consideration expressed therein being $825.   There was also a covenant

Smith v. Warren.

therein to the effect that the grantee, the defendant herein, would assume and pay off a mortgage to the county for $575. The testimony on the part of the plaintiff was that the transaction evidenced by the deed was a sale of the property and that the assumption of said mortgage debt and the payment of the said $250 note by the defendant constituted the consideration for such sale. While that of the defendant was that the conveyance of said property was made to indemnify him against any loss he should sustain on account of his indorsement of said note to Taylor.

The defendant has not paid the note. The plaintiff is insolvent. This is a suit for specific performance. There was a trial resulting in a finding and decree for the plaintiff. The defendant has appealed.

The trial court amongst other things found that the time of the payment of the note had been extended for one year with the consent of the defendant. This finding, it is contended by the defendant, is not supported by the evidence. The law, as laid down both in the text-books and in the adjudicated cases, is that if there be any valid agreement—that is, one founded upon a valuable consideration and operative in point of law, between the maker and holder, whereby the holder agrees to give credit to the maker of the note after it is due, or whereby payment is postponed to a future day and this agreement is made without the consent of the indorser, they will thereby be absolved from all obligation to pay the same. Story on Prom. Notes, sec. 412; Wood's Byles on Bills and Notes, 252; Bank v. Wood, 56 Mo. App. 214; Wayman v. Jones, 58 Mo. App. 313. But if such an agreement be without consideration, the indorser is not discharged: Wood's Byles, supra, and authorities there cited in note 6; Wayman v. Jones, supra.

In the present case there is no pretense that there was any consideration whatever passing from the makers of the note to

Taylor, the holder thereof, for the agreement to extend the time of payment. It was a mere *nudum pactum*—a void agreement which bound no one, and the consent of the defendant as indorser was ineffective for any purpose.

It therefore follows that the finding of the court just stated was unsupported by the evidence.

The court further found that the note was due and unpaid and was of the value of two hundred and fifty dollars. The decree was "it is therefore ordered and adjudged that the plaintiff have and recover of the defendant damages in the sum of two hundred and fifty dollars for the specific performance of said contract and have therefor execution." The plaintiff, as has already been stated, is insolvent. Now if the defendant be compelled to satisfy the decree what will be his situation? He will have paid the note to the insolvent plaintiff and will still be liable thereon to the holder thereof. Such payment will not have the effect to discharge his liability on his indorsement. He can not recover the money back from the insolvent plaintiff should he be compelled, as he doubtless will be, to discharge his liability on his indorsement. He will consequently be compelled to twice pay the note. Until the plaintiff pays the note or suffers some detriment we are unable to see upon what principle he would be equitably entitled to recover of the defendant the amount of the note.

If the defendant were insolvent and the plaintiff solvent the latter might be entitled to some such relief. If the court had ordered that the defendant within a specified time pay off the note and bring it into court for cancellation or delivery to plaintiff, or in default of compliance therewith that plaintiff have execution against him for the two hundred and fifty dollars there would have been no ground for complaint. Though the defendant has not complied with the agreement to pay the note as the court found, still, under the circumstances, the

decree should be framed so as with one payment he may be discharged from his double liability. Until the plaintiff discharges the note or the defendant is released from liability on his indorsement, we can not discover that the former will be entitled to the decree that was given by the court.

In this view of the case it becomes unnecessary to notice the other questions suggested in the briefs of counsel.

The judgment will accordingly be reversed. All concur.