CONQUEROR ZINC & LEAD COMPANY, Plaintiff, and Appellant, v. AETNA LIFE INSURANCE COMPANY, Defendant and Appellant.

Springfield Court of Appeals, January 3, 1911.

1. INSURANCE: Employer's Liability Insurance: Indemnity Against Loss: Interest: Costs. An employer, carrying indemnity insurance against loss for injuries to employees, was sued on account of an injury to an employee, in which suit the employee recovered judgment, and from which judgment an appeal was taken. The judgment was affirmed by the Supreme Court, and the employer paid it. In a suit by the employer against the company on the insurance contract, the terms of the contract are examined and *held* to make the insurance company liable for interest only from the date the judgment was actually paid by the insured, and not from the date the judgment was rendered in the trial court. *Held*, *further*, that the insurance company under its contract was obligated to pay all the costs in the suit against the insured employer.

2. ————: ————: ————: Indemnity Against Liability. There is a distinction between contracts of indemnity against loss and contracts of indemnity against liability. In the latter case the obligation of the insurance company becomes fixed when liability attaches to the insured. In the former case

the insurance company does not become liable until loss has been suffered, and that means when the damage has been paid by the insured.

3. ———: ———: ———: **Liability Fixed When Judgment is Paid.** Where the employer's indemnity insurance provides for indemnity against loss, the liability of the insurance company does not become fixed, under the policy, until the employer actually pays the judgment against him.

4. ———: ———: ———: **Liability for Court Costs.** In a' contract for employer's indemnity insurance, it was provided that when suit was brought against the insured, the company should have the option of defending against the proceedings in the name of the insured, at its own cost, or to settle same, or to pay the insured the indemnity called for in the policy. The insurance company took charge of the defense of the damage suit brought against the insured and judgment was rendered against the insured, which judgment was paid. *Held,* that the insurance company was responsible to ˙the insured for court costs paid in addition to the maximum amount of indemnity provided for in the policy.

5. **CONTRACTS: Construction.** The courts will not give a contract such a construction as will permit one party to secure an unreasonable advantage over another, unless compelled to do so by the language of the contract.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED.

*Spencer, Grayston & Spencer* for defendant and appellant.

(1) The defendant is not liable for interest from date of rendition of judgment in circuit court, but only from date of payment of the judgment by plaintiff, and the trial court properly so ruled. Munro v. Casualty Co., 96 N. Y. Supp. 705; National Mills v. Marine Co., 28 R. I. 126, 66 Atlantic, 58; Davison v. Casualty Co., 197 Mass. 167, 83 N. E. 407; Henderson v. Casualty Co., 29 Pa. Sup. Ct., 398; Maryland Casualty Co. v. Omaha Co., 157 Fed. 514; Puget Sound

Imp. Co. v. Marine Co., 52 Wash. 124, 100 Pac. 190; Stephens v. Casualty Co., 135 Mich. 189, 97 N. W. 686.    (2)    Defendant is not liable to plaintiff until actual payment of the judgment in the original case. Allen v. Ins. Co., 145 Fed. 881, 137 Fed. 136; Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981; Insurance Co. v. Moses, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663; Frye v. Bath, etc., Co., 54 Atl. 395, 59 L. R. A. 444, 97 Me. 241; Cushman v. Fuel Co., 122 Iowa 656, 98 N. W. 509; Finlay v. Co., 83 S. W. 2, 113 Tenn. 592; O'Connell v. Railroad, 187 Mass. 272, 72 N. E. 979; Burton v. Larkin, 36 Kan. 247, 13 Pac. 398.    (3) The defendant is not liable for the court costs in the case of Phelps v. Zinc & Lead Co., over and above the $5000 maximum liability imposed by the contract of indemnity, and paid by it.    Munroe v. Casulty Co., 96 N. Y. Sup. 705, 78 Misc. Rep. 705; National Mills v. Marine Co., 28 R. I. 126, 66 Atl. 58.

*Perkins & Blair* for plaintiff and appellant.

(1)    Under such a provision in the insurance policy, as appears in the policy in this case, where the insurance company takes charge of the defense, it must pay the costs of that suit.    On this question we cite the following cases:    Paper Co. v. Fidelity & Casualty Co., 43 Atl. Rep. 503; Packing Co. v. Casualty Co., 132 Fed. 623; Casualty Co. v. Cumberland Co., 152 Fed. 961, 12 L. R. A. 478; Stevens v. Casualty Co., 135 Mich. 189, 97 N. W. 686; Anoka Lumber Co. v. Fidelity & Casualty Co., 30 L. R. A. 689; Rochester Mining Co. v. Casualty Co., 128 S. W. 204; Insurance Co. v. Cotton Mills, 85 S. W. 1090; Globe Co. v. Casualty Co., 81 Pac. 826.    (2)    We are aware that some of the courts hold that policies similar to the one under consideration are contracts of indemnity against damages sustained and not against liability.    The courts of Massachusetts and Rhode Island of which

the cases of Davidson v. Casualty Co., 83 N. E. 407, decided by the Massachusetts court, and National & Providence Worsted Mills v. Insurance Co., 28 Rhode Island 126, 66 Atl. 58, are types, together with some other cases in those two states, have so held. On the other hand the courts of New Hampshire, Minnesota, Wisconsin, Arkansas, Oregon and some of the Federal courts have held such policies to be contracts of indemnity against liability. Sanders v. Insurance Co., 57 Atl. 655; Anoka Lumber Co. v. Ins. Co., 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 389; Hoven v. Ins. Co., 93 Wis. 201, 67 N. W. 46, 32 L. R. A. 388; Fritchie v. Company, 197 Pa. 401, 47 Atl. 351; American Ins. Co. v. Fordyce, 62 Ark. 562, 36 S. W. 1051; Fidelity & Casualty Co. v. Fordyce, 64 Ark. 174, 41 S. W. 420; Fenton v. Co., 36 Oregon, 283, 56 Pac. 1096, 48 L. R. A. 770.

COX, J.—This is an action upon an indemnity insurance policy issued by the defendant to plaintiff to indemnify it against damages which it might sustain by reason of injury to its employees. Mack S. Phelps was injured while in the employ of plaintiff, and on October 24, 1905, recovered judgment in the circuit court of Jasper county for $7500, and costs by reason of said injury. This judgment was affirmed by the Supreme Court February 25, 1909. On April 26, 1909, the plaintiff paid the Phelps judgment, and, at that time, paid the face of the judgment—$7500—and the further sum of $1575 interest thereon from date of its rendition in the circuit court to the date of payment, and $178.05 costs, then made demand upon defendant for reimbursement. On July 9, 1909, the defendant paid the plaintiff $5061.65, being the maximum liability, as it claimed, under its policy of insurance and interest thereon from the date that plaintiff paid the judgment against it. July 22, 1909, the plaintiff filed this suit, seeking thereby to recover the in-

terest on the judgment paid by it and the costs of the
suit. Trial by the court upon an agreed statement of
facts, and the court rendered judgment in favor of
plaintiff for the costs, $186.65, but refused to allow
the plaintiff for interest paid upon the judgment prior
to the date of its affirmance by the Supreme Court.
Both parties have appealed from this judgment.

. The questions to be decided here are, First;
whether the defendant insurance company was, under
its policy, liable for interest upon the Phelps judgment
from the date of its rendition in the circuit court, or
whether its liability for interest began on the date of
the affirmance of that judgment by the Supreme Court.
Second; whether or not the defendant is liable for the
payment of the costs in the Phelps suit.

The policy issued by defendant to plaintiff in
this case limited its liability for injuries to one person
to the sum of five thousand dollars. It will thus be seen
that the recovery against plaintiff by the party injured
was greater than the defendant's liability under its
policy. The provisions of the policy necessary to no-
tice here are as follows:

The company "does hereby agree to indemnify the
Conqueror Zinc & Lead Company of Joplin, the as-
sured, for the period of twelve months, beginning on
the 17th day of January, 1904, . . . subject to
the following special and general agreements which are
to be construed as co-ordinate, as conditions:

"Against loss from common law or statutory lia-
bility for damages on account of bodily injuries, fatal
or non-fatal, accidentally suffered within the period
of this policy by an employee or employees of the
assured," etc.

SPECIAL AGREEMENTS.

"A. The company's liability for an accident re-
sulting in injuries to one person is limited to five
thousand dollars."

### GENERAL AGREEMENTS.

"1. The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the home office of the company at Hartford, Conn., or to its duly authorized local agent. He shall give like notice with full particulars of any claim that may be made on account of such accident, and shall at all times render to the company all co-operation and assistance in his power.

"2. If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company every summons or other process as soon as the same shall have been served on him, and the company will at its own cost, defend against such proceeding in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided for in clause A of special agreements as limited therein.

"3. The assured shall not settle any claim except at his or its own cost, nor incur any expense, nor interfere in any negotiations for settlement or in any legal proceeding, without the consent of the company previously given in writing; but he may provide at the time of the accident such immediate surgical relief as is imperative. The asured, when requested by the company, shall aid in securing information, evidence, and the attendance of witnesses and in effecting settlements and in prosecuting appeals.

"7. No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction

152 App—22

of a judgment within sixty days from the date of such judgment and after trial of the issue.

The question as to when defendant became liable for interest depends upon when it became liable to pay the plaintiff. The judgment, having been more than the maximum liability provided for by the policy, the defendant would not be responsible for interest, even though interest might have been paid by the plaintiff, until defendants liability to plaintiff became fixed. The contention of defendant is that its liability did not become fixed until the judgment of the circuit court was affirmed by the Supreme Court; while the plaintiff contends that it became liable when the judgment was rendered by the circuit court. We must determine this question by the terms of the policy of insurance which is the contract between the parties.

There is a distinction between contracts of indemnity against loss and contracts of indemnity against liability. In the latter case the obligation of the insurance company becomes fixed when liability attaches to the insured. In the former case the insurance company does not become liable until loss has been suffered, and that means when the damages have been paid by the insured. The language of the policy in question in this case is "The company does hereby agree to indemnify against loss from common law or statutory liability," etc.

It is further provided in the policy, clause number seven, General Agreements, "No action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment within sixty days from the date of such judgment and after trial of the issue." There is much conflict in the decisions upon the proper construction to be given to a policy of this character. There are some courts of high authority which have held that under policies similar

to this the defendant is liable for interest from the date of the rendition of the judgment in the trial court. Among these may be noted Sanders v. Frankfort Insurance Co., 72 N. H. 485, 57 Atl. 655; Anoka Lumber Co. v. Fidelity and Casualty Co., 30 L. R. A. 689; Fenton v. Co., 48 L. R. A. 770; Rumford Falls Paper Co. v. Fidelity & Casualty Co., 43 Atl. 503; Cudahy Packing Co. v. New Amsterdam Casualty Co., 132 Fed. Rep. 623; Travellers' Insurance Co. v. Henderson Cotton Mills, 85 S. W. 1090, and many other cases; but our conclusion is that a fair construction of the terms of the policy means that this policy is one of indemnity against loss for the policy so reads, and, in this, we think we are sustained by the great weight of authority. [Munroe v. Maryland Casualty Co., 96 N. Y. Sup. 705; Davison v. Maryland Casualty Co., 197 Mass. 167, 83 N. E. 407; Maryland Casualty Co. v. Omaha, E. L. & P. Co., 157 Fed. 514; Puget Sound Imp. Co. v. Frankfort Marine Co., 100 Pac. 190; Stevens v. Pa. Casualty Co., 97 N. W. 686; Allen v. Aetna Life Insurance Co., 137 Fed. 136; Connolly v. Bolster, 72 N. E. 981; Travellers' Insurance Co. v. Moses, 49 Atl. 720; Frye v. Bath, etc., 59 L. R. A. 444; Cushman v. Carbondale Fuel Co., 98 N. W. 509; Finley v. Co., 83 S. W. 2.]

If we are right in this position then it follows that defendant's liability did not become fixed, under this policy, until plaintiff had paid the judgment against it. The circuit court was, therefore, right in holding that the plaintiff could not recover for interest upon this judgment for the time elapsing between the date of its rendition in the circuit court and its affirmance by the Supreme Court.

The next question as to whether defendant is liable for the costs of the suit in the Phelps case also turns upon the construction of the policy, and upon this question we find the authorities are also in conflict. It will be noted that the policy in question, under paragraph two of General Agreements provides that in

case any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company every summons served upon it and render such assistance as it can, and as it may be asked to render, by the company, and as a return for this the company agrees that it will, at its own cost, defend against such proceedings in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided for in clause A, Special Agreements, which clause provides that the liability of the company shall be limited to the sum of five thousand dollars for an injury to one person. Some courts have held this provision to mean merely that the company, in defending the action, would pay its own personal costs, such as hotel bills and fees of attorneys whom it might employ, and that it did not include court costs. Thus, in the case of Munroe v. The Maryland Casualty Company, supra, in discussing this question it is said, "Statutory costs awarded to a successful party are not, strictly speaking, any part of the cost of defending an action. Taxable costs constitute part of the loss resulting from the payment of the judgment. The cost of conducting the litigation does not." This case has been followed by some others, but it occurs to us that it is giving the terms of the policy a strained construction and drawing a distinction that is unwarranted, and we are not impressed with the reasoning by which the court's conclusion is reached.

In Rumford Falls Paper Co. v. Fidelity & Casualty Co., 43 Atl. 503, a different view is taken, and in that case, under a similar policy, the company was held liable for the costs of the original suit, and, in discussing that question, this language is used. "What it will cost to defend a law suit is the amount required to pay the fees of counsel and witnesses, and further expenses involved in presenting the defense, including

the taxable costs recovered by the plaintiff in that
suit if the defense is unsuccessful.'' This case is fol-
lowed and this language quoted with approval in Pu-
get Sound Imp. Co. v. Frankfort Marine Accident &
Plate Glass Co., 100 Pac. 190, and it seems to us that
the reasoning of the court in these cases is more in
harmony with the justice of the matter than the rea-
soning of the court in the Munroe case. Under similar
provisions the company has been held liable for court
costs in Cudahy Packing Co. v. New Amsterdam Cas-
ualty Co., 132 Fed. Rep. 623; Anoka Lumber Co. v.
Fidelity & Casualty Co., 30 L. R. A. 689, and in many
other cases. To our mind it would be an absurdity
to hold, under the terms of this policy, which give the
insurance company absolute control of the defense of
the case and forbids the assured from taking any steps
toward a defense upon its own account, or to incur any
liability or expense, or interfere in any negotiations
for settlement, or in any legal proceedings, without the
consent of the company previously given in writing,
and in which the company itself agrees to defend the
proceeding at its own cost, that this cost did not in-
clude the court costs finally adjudged against the plain-
tiff. It would be manifestly unjust to take away from
the assured all right to manage the defense of its own
case, and yet make it responsible for all the costs which
might be occasioned by management of the defense by
the insurance company. This provision of the contract
which permitted the insurance company to take charge
of the defense was made for its benefit, and should
there be any doubt about the proper construction to
be given to the terms of this policy in relation thereto,
the doubt should be resolved against the insurance com-
pany and in favor of the assured. [Rochester Mining
Co. v. Maryland Casualty Co., 128 S. W. 204, and cases
there cited.]

Again to give this provision of the policy the construction contended for by the insurance company would be to give it an unreasonable advantage over the plaintiff for by other provisions of the policy, the insurance company had the right to end its liability by payment to the plaintiff of the maximum amount named in this policy, to-wit: Five thousand dollars. Not having seen fit to do this, and having elected to take charge of the defense of the case, deny all liability to the injured party, and fight the case through the courts to the court of last resort, and when it is finally determined that it was wrong in its contention, then it would certainly be unreasonable to say that its agreement to make the defense at its own cost only required it to pay its own attorney's fees and personal costs, and leave the plaintiff to pay the entire costs of the litigation which had been occasioned largely by the defense made by the insurance company to the action. The courts will not give a contract such a construction as will permit one party to secure an unreasonable advantage over another, unless compelled to do so by the language of the contract. [American Hardwood Lumber Co. v. Dent, decided by us at this term; Johnson County v. Wood, 84 Mo. 489-519; McManus v. Fair Shoe Co., 60 Mo. 216; Laclede Power Co. v. Stillwell, 97 Mo. App. 258, 71 S. W. 380.]

Our conclusion is that the court was right in holding defendant liable for the costs in the case of Phelps v. Plaintiff. The judgment will be affirmed. All con cur.