**HAGERHORST v. INDEMNITY INS. CO. OF NORTH AMERICA et al.**

No. 10566.

District Court, E. D. Missouri, E. D.

Nov. 9, 1939.

Erwin F. Vetter, of St. Louis, Mo., for plaintiff.

A. A. Alexander and Albert Miller, both of St. Louis, Mo., for defendants.

MOORE, District Judge.

This action, in this Division of this Court, is a suit in Equity for specific performance of a contract of insurance wherein the defendant, Indemnity Insurance Company of North America, agreed with the assured, Independent Truck Lines, Inc., as respects bodily injuries and property damage accidently suffered, or alleged to have been suffered, by any person or persons during the term of the policy, resulting from the ownership, maintenance, or use of any of the automobiles described in the declarations, and also as respects direct loss or damage to any such automobile or automobiles when accidently sustained as follows:

(A) To pay, within the limits specified within the declarations, any loss by reason of the liability imposed by law upon the assured arising out of such bodily injuries or death of the injured;

(B) To repay to the assured the expenses incurred in providing such immediate surgical relief as is imperative at the time of the accident;

(C) To pay, within the limit specified in the declarations, any loss by reason of the liability imposed by law upon the assured for such damage or destruction of property, including loss of use of such property, damaged or destroyed;

(D) To pay to the assured the actual loss incurred, not exceeding the actual loss

of the suitable repair or replacement, by reason of damage to or destruction of any automobile or automobiles, described in said insurance policy, including operating equipment while attached thereto, if caused solely by accidental collision with another object, either moving or stationary, or by upset, excluding, however, damage or destruction by fire from any cause whatsoever.

These further provisions are contained in the policy and the company agreed, as respects certain sections in the policy, when covered:

1. To defend in the name and on behalf of the assured, Independent Truck Lines, Inc., all claims or suits for such injuries for which the said assured is, or is alleged to have been liable.

2. To pay all costs and expenses incurred with the company's written consent;

3. To pay all court costs taxed against the assured in any such suit, including premiums on attachment or appeal bonds.

4. To pay all interest accruing upon that part of any judgment which is the limit of the company's liability in any such suit, up to the date of the payment or tender to the judgment creditor, or to his attorney of record, of the amount for which the company is liable.

There is contained also in the policy the following clause, commonly called "the No Action Clause", which reads as follows: "No action shall lie against the Company until the amount of damages for which the Assured is liable by reason of any casualty covered by this Policy is determined, either by final judgment against the Assured or by agreement between the Assured and the plaintiff with the written consent of the Company, nor in either event unless instituted within two years after the date of such judgment or agreement."

The plaintiff, Charles H. Hagerhorst, is a citizen and resident of Missouri, and the defendant, Indemnity Insurance Company of North America, is a corporation organized and existing under and by virtue of the laws of Pennsylvania, and as such is a citizen and resident of the State of Pennsylvania. This suit and action was originally filed in the Circuit Court of the City of St. Louis, Missouri, on the 27th day of August, 1933, and was pending in said Circuit Court of the State of Missouri, when it was duly removed, by the defendant, Indemnity Insurance Company of North

America, to this District Court of the United States, in September, 1933.

After the policy of insurance was issued by the Indemnity Insurance Company of North America, and delivered to the assured, Independent Truck Lines, Inc., and on or about the 15th day of November, 1929, the plaintiff claims he was injured in the City of St. Louis, State of Missouri, by being struck and run against by an automobile in the possession and under the control and management of the assured, Independent Truck Lines, Inc., and which said automobile plaintiff claims was covered by and insured under the terms of said policy of insurance.

Thereafter, and on or about the 22nd day of January, 1931, plaintiff instituted an action in the Circuit Court of the City of St. Louis, Missouri, against the defendant, Independent Truck Lines, Inc., said suit and action being No. 164673, of the files and records of the Circuit Court of the City of St. Louis, Missouri, the general object and nature of which said suit was to recover damages for personal injuries sustained by the plaintiff as a result of said collision with the automobile of said Independent Truck Lines, Inc., on or about November 15, 1929. This suit was thereafter by the therein named defendant, Independent Truck Lines, Inc., removed to the District Court of the United States, within and for the Eastern Division of the Eastern Judicial District of Missouri, in April, 1931, and was pending in said District Court until May, 1932, when said suit was dismissed by order of court for failure on the part of plaintiff to secure the costs therein. Thereafter and on or about the 3rd day of February, 1931, and prior to the filing of the suit at bar, the Independent Truck Lines, Inc., was adjudicated a bankrupt and discharged in bankruptcy, although plaintiff, Hagerhorst's claim for damages was not scheduled in said bankruptcy proceedings. Thereafter, and on the 7th day of January, 1933, by an action duly had in the Circuit Court of Sangamon County, in the State of Illinois, the said corporation, Independent Truck Lines, Inc., was, by decree duly made and entered in said court, duly dissolved. There was offered and admitted in evidence in this case a provision of the Revised Statutes of the State of Illinois then in full force and effect as follows: "The dissolution of a corporation either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit thereon is brought and service of process had within two years after the date of such dissolution. Such suits may be prosecuted against and defended by the corporation in its corporate name." Ill.Rev.Stat.1939, c. 32, § 157.94.

It is alleged in plaintiff's second amended complaint filed herein and admitted by defendant Indemnity Insurance Company of North America's amended answer thereto, that said corporation, Independent Truck Lines, Inc., is not and was not, at the time of the filing of this suit, in existence, and that process of law cannot be served upon it; and these facts are established by the evidence in the case. The assured, Independent Truck Lines, Inc., in said contract of insurance has not been made a party to this action, either in this cause or in the cause No. 10566–A, pending on the law side of this court, in Division No. 1 hereof.

Plaintiff at no time obtained a judgment against the assured, Independent Truck lines, Inc., nor did the assured, Independent Truck Lines, Inc., ever become indebted to plaintiff by agreement between plaintiff and assured, Independent Truck Lines, Inc., with the written consent of the insurer, Indemnity Insurance Company of North America, and no claim or suit in the name, or on behalf, of plaintiff, against, in the name and on behalf of, the assured, Independent Truck Lines, Inc., is now pending to recover for any injuries or damages for which the assured is, or is alleged to have been, liable.

At the close of the testimony offered in the case, defendant, Indemnity Insurance Company of North America, moved the court to dismiss this suit and action No. 10566, in equity, on the ground that upon the facts and the law in the case the plaintiff had shown no right to relief herein.

Plaintiff's contention in this case is that as a result of the alleged damages on account of bodily injuries suffered by him by reason of the ownership, maintenance and use of the automobile involved in the accident, he has a beneficial interest in said policy contract to the extent of the loss and damage sustained by him, and that the defendant, Indemnity Insurance Company of

North America, became liable to him immediately at the time of his alleged injury and damage, and that he has no adequate remedy at law to enforce his right and interest in the policy contract, and that without the aid of this court of equity in enforcing the policy contract as to him, and requiring the defendant, Indemnity Insurance Company of North America, to appear and defend in the name of and on behalf of the assured, Independent Truck Lines, Inc., and pay any judgment that may be rendered against the assured, Independent Truck Lines, Inc., in Cause No. 10566-A, pending in this court, and in Division No. 1 thereof, he will suffer irreparable injury and damage. And, in this connection, plaintiff is asking this court for a decree specifically enforcing the policy contract as to him, the plaintiff, against the defendant, Indemnity Insurance Company of North America, and requiring the defendant, Indemnity Insurance Company of North America, to enter its appearance in this suit, and particularly to the second or law count herein, entitled 10566-A, pending in Division No. 1, of this court, and requiring the defendant, Indemnity Insurance Company of North America, to defend said suit for personal injury and property damage in the name, and on behalf, of said assured, the Independent Truck Lines, Inc., and that upon recovery of a judgment against and in the name of Independent Truck Lines, Inc., the defendant, Indemnity Insurance Company of North America, be ordered to pay said judgment.

The assured, Independent Truck Lines, Inc., is not sued or impleaded herein. The action in equity pending in this court, and the action at law pending in Division No. 1 of this court, and numbered 10566-A, are brought against insurer, defendant Indemnity Insurance Company of North America, only, and as to this party defendant, plaintiff is seeking to compel it to enter its appearance, and to defend a law action in Division No. 1 of this court, being Cause No. 10566-A, of this District Court, and to compel the defendant, Indemnity Insurance Company of North America, to defend that suit and law action in behalf of, and in the name of, the other party to said contract of insurance, to-wit, Independent Truck Lines, Inc.; and further, plaintiff, in that action, to-wit, Cause No. 10566-A, on the law side of this court, has sued for, and is attempting to procure, a money judgment in the sum and amount of Ten Thousand Dollars ($10,000) against, and in the name and on behalf of the Independent Truck Lines, Inc., and in this action, on the equity side of this court, plaintiff is seeking to compel defendant, Indemnity Insurance Company of North America, to pay said judgment, if and when rendered.

It will be noted that the assured, Independent Truck Lines, Inc., carried a policy of insurance with the defendant, Indemnity Insurance Company of North America, indemnifying it against any loss, within the limits specified in the declarations, by reason of liability imposed by law upon the assured arising out of bodily injuries accidentally suffered, or alleged to have been suffered by any person during the term of the policy, resulting from the ownership, maintenance or use of any of the automobiles described in the declarations; and indemnifying it against any loss within the limits specified in the declarations, by reason of the liability imposed by law upon the assured for such damage or destruction of property, including loss of use of such property, damaged or destroyed.

It appears, from the evidence in this case, that one of the assured's automobiles covered by the policy of insurance carried with the defendant, Indemnity Insurance Company of North America, was involved in the accident wherein plaintiff alleges he has suffered bodily injuries and damage to property. But it also appears from the evidence in the case that no indebtedness from the insured, Independent Truck Lines, Inc., to the plaintiff, growing out of said accident, resulting from the ownership, maintenance or use of any automobile covered by the policy of insurance, has or had, at the time of the commencement, trial and hearing of this cause, matured; either by plaintiff reducing his claim, or claims, for damages against the assured to a judgment, or that the assured has become indebted to the plaintiff by agreement between the assured and the plaintiff, with the written consent of the insurer, defendant, Indemnity Insurance Company of North America, as provided in and by the policy of insurance carried by the assured with the defendant, Indemnity Insurance Company of North America, so as to give plaintiff the right to subject the insurance fund in the hands of the insurer due the assured to the payment of the same through the process of garnishment at law. Lajoie v. Central West Casualty Company of Detroit, Mich., 228 Mo. App. 701, 71 S.W.2d 803, loc. cit. 811.

156

The policy of insurance provides that the insurer, Indemnity Insurance Company of North America, would defend in the name and on behalf of the assured, Independent Truck Lines, Inc., all claims or suits for which the said assured is, or is alleged to have been liable. But, the evidence is conclusive that no claim or suit in the name of, or on behalf of, plaintiff, and against, in the name and on behalf of, the assured, Independent Truck Lines, Inc., other than this proceeding in equity in this court, and the law action, cause numbered 10566-A, pending in Division No. 1 of this court, is now pending before any court or tribunal to recover for such injuries or damages for which the assured, Independent Truck Lines, Inc., is, or is alleged to have been liable. And, as already observed, these actions are not against the assured.

■ It is the opinion of the court that the policy or contract of insurance in question is a contract of indemnity against loss or damages, and that the defendant, Indemnity Insurance Company of North America, is not liable thereon until loss or damages have actually been suffered by the assured, and that the amount of the insurance does not become available until the assured has paid the loss or damages. Wehrhahn v. Ft. Dearborn Casualty Underwriters, 221 Mo. App. 230, 1 S.W.2d 242, loc. cit. 243, et seq.; Klotzbach v. Bull Dog Auto Fire Ins. Ass'n, Mo.App., 267 S.W. 39, loc. cit. 40; Conqueror Zinc & Lead Co. v. Aetna Life Insurance Co., 152 Mo.App. 332, loc. cit. 338, 133 S.W. 156, et seq.; Steckdaub v. Wilhite, Mo.App., 211 S.W. 915, loc. cit. 916; In re Herbert & Co., 2 Cir., 262 F. 682, loc. cit. 684; Maxey v. Rideout, C.C., 173 F. 172, loc. cit. 175, 176.

■ A court of equity cannot compel an indemnitor to comply with his obligation in advance of the contingency upon which, by such obligation, he was to become liable. Central Trust Co. v. Louisville Trust Co., 6 Cir., 100 F. 545, loc. cit. 546, 547. Hence, even the assured here, until it had paid the loss or damages, or suffered some detriment, would not be entitled to specific performance of the contract of insurance, under the terms and conditions of the policy in evidence in this case. Smith & Benham v. Curran & Hussey, C.C., 138 F. 150, loc. cit. 162; Smith v. Warren, 88 Mo.App. 285, loc. cit. 288. And, by the same reasoning, the defendant, Indemnity Insurance Company of North America, is not bound under this policy or contract of insurance, to defend any suit until such suit has been actually commenced and prosecuted against the assured.

■ It is clear that the cause of action for damages for personal injuries, if any, sustained by the plaintiff as a result of the alleged collision with a truck of the Independent Truck Lines, Inc., is, or was, an action at law for damages. The rule is that where plaintiff shows that he has a complete, adequate remedy at law, he is not entitled to maintain an action in equity. Pierce v. Plumb, 74 Ill. 326; Cappetta v. Atlantic Refining Co., 2 Cir., 74 F.2d 53, 98 A.L.R. 418, Certiorari Denied 294 U.S. 730, 55 S.Ct. 639, 79 L.Ed. 1260; Kane v. Luckman, C.C., 131 F. 609, loc. cit. 619 and 621. Especially is this true in cases of contracts, as here, respecting personalty; and the United States Judicial Code, Section 267 (Section 384, Title 28, U.S.C.A.) provides that suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate and complete remedy may be had at law.

■ It is the conclusion of the court that the plaintiff can have his remedy by an action on the insurance policy hereinabove mentioned only, if and when, and after his claim for damages is reduced to a judgment, and the indebtedness matures, so that he shall have a claim against the policy, having first obtained a judgment against the assured, or that assured has become indebted to plaintiff by agreement between assured and plaintiff, with the written consent of the insurer, Indemnity Insurance Company of North America, as provided in the policy, and that there is in this case, as appears from the evidence, an entire absence of any equitable phase, either in the case made, or the relief sought. The provision of the above mentioned section of the Judicial Code is jurisdictional, and having been set up herein by the defendant, Indemnity Insurance Company of North America, it is the conclusion of the court that the plaintiff has no right or interest in said insurance policy that he can maintain in this court of equity, in this action; and that plaintiff's petition or complaint should be dismissed.

It is so ordered, and a decree accordingly may be entered.