NEW AMSTERDAM CASUALTY CO. v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(Circuit Court of Appeals, Sixth Circuit. March 21, 1907.)

No. 1,593.

INSURANCE—EXTENT OF LIABILITY OF INSURER—INDEMNITY INSURANCE.

A policy, issued by a casualty company, insured against loss from liability for damages on account of bodily injuries accidentally suffered by any person caused by the negligence of the assured, "and against the expense of defending any suit for such damages." It limited the company's liability arising from the injury or death of one person to $5,000, and provided for notice to the company of any injury and any claim or suit for damages therefor, that the company should defend or settle any such suit, and prohibited the assured from making any settlement or incurring any expense or interfering in any negotiations for settlement or in any legal proceeding without the company's consent. Held, that the limitation did not include the costs and expenses of a suit on a claim for damages for the death of a person which was defended by the company pursuant to the terms of the policy, and that on recovery of a larger sum by the plaintiff therein the assured was entitled under the policy to be reimbursed for the costs and expenses which it was compelled to pay in addition to the $5,000 indemnity against the damages recovered.

In Error to the Circuit Court of the United States for the Middle District of Tennessee.

Clarence T. Boyd, for plaintiff in error.

Wm. L. Cranbery, for defendant in error.

Before SEVERENS and RICHARDS, Circuit Judges, and COCHRAN, District Judge.

SEVERENS, Circuit Judge. This is an action brought by the defendant in error, hereinafter called the "Telephone Company" against the plaintiff in error, hereinafter called the "Casualty Company," upon a policy of insurance—

"against loss from common law or statutory liability for damages on account of bodily injuries fatal or nonfatal, accidentally suffered by any person or persons not employed by the assured at or about any of the work of the assured described in the schedule indorsed hereon, caused by the negligence of the assured, and resulting from the work described in said schedule, and against the expense of defending any suit for such damages."

While the policy was in force, and on or about February 8, 1901, Thomas Ware, an employé of the Telephone Company was killed at the city of Owensboro, Ky., by coming in contact with a telephone wire resting upon the wire of the Electric Light Company in said city, heavily charged with electricity, and the provisions of the policy became operative, as follows:

"(1) The assured, upon the occurrence of an accident, shall give immediate notice thereof in writing, with full particulars to the home office of the company at New York City, or its duly authorized agent. He shall give like notice, with full particulars, of any claim which may be made on account of such accident.

"(2) If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, immediate no-

tice thereof shall be given to the company, and the company shall defend such suit in the name and on behalf of the assured, or settle the same.

"(3) The assured shall not settle any claim. except at his own cost, nor incur any expense, nor interfere with any negotiation for settlement or in any legal proceeding without the consent of the company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured, when requested by the company, shall aid in securing information and evidence and in effecting settlements, and in case the company calls for the attendance of any employé or employés as witnesses at inquests and in suits, the assured will secure his or their attendance, making no charge for his or their loss of time."

Notice of the accident was given by the Telephone Company to the Casualty Company. Suit was brought by the administrator of Ware against the Telephone Company for damages arising from his death under a statute of Kentucky, and notice of that was also given to the Casualty Company, and that company thereupon employed counsel to defend said suit in the name and on behalf of the Telephone Company, and upon the trial judgment was rendered against the latter company for $12,500 and costs. An appeal from said judgment was prosecuted to the Court of Appeals of the state of Kentucky, and final judgment was rendered against the Telephone Company by said Court of Appeals of Kentucky for the sum of $12,500 with interest at 6 per cent. per annum and 10 per cent. damages additional. The total judgment of the Court of Appeals of Kentucky, including interest, damages, and costs, amounted to $15,447.26, which was paid by the Telephone Company on November 25, 1903.

Of the expenses of the suit on the trial and the appeal the Casualty Company. paid $989.45. The Telephone Company paid the costs of the plaintiff in that suit and other costs and expenses to an amount in all, which, upon the proportion of $5,000 to the entire judgment appealed from, as directed by the court below, resulted in a balance in favor of the Telephone Company of $1,167.98. The judgment was for $5,000 plus this balance of $1,167.98 wit'' the interest thereon from the date of the judgment of the trial court in the Ware Case. Upon the trial, which was before the court without a jury and upon an agreed statement of facts, the Casualty Company contended that its liability under a limitation in the policy did not extend beyond the sum of $5,000, and that the judgment should be limited accordingly, without enlargement from the costs and expenses which the Telephone Company had incurred by reason of the suit. And it further contended that the $5,000 should be reduced by the $989.45, which it had paid of the expenses of the suit, as above stated. Both of these contentions were overruled by the court below, and the plaintiff in error renews them here.

The policy contained the following provision:

"(A) The company's liability as aforesaid arising from an accident resulting in injuries to or in the death of one person is limited to five thousand dollars ($5,000.00), and subject to the same limit for each person the total liability arising from any one accident resulting in injuries to or in the death of any number of persons is limited to ten thousand dollars ($10,000.00)."

And the Casualty Company contends that this limitation includes all the consequences of the accident, such as the expenses of a law-

suit brought to recover damages therefor. But we think, as did the court below, that when construed with the other provisions of the contract, as it should be, that is not its meaning. The insurance was against two kinds of liability—one of which was for damages on account of bodily injury sustained by any person, and the other was for expenses in defending any suit brought therefor. This last provision was not included in the first, and if it had not been expressly made, the insurance against the accident would not have included the cost and expenses of a suit to recover on account of it. They were not the necessary consequences of the accident, and so would not have been within the contemplation of the parties. For the same reason the restriction of the liability of the company in respect to injuries resulting from an accident would not extend to costs and expenses of a suit, for such language without more would not import that the parties had that subject in contemplation. And there is abundant reason shown by the contract why it would be most unlikely that the parties should intend such a limitation. By one of the conditions of the insurance, the Telephone Company was prevented from making any settlement, or incurring any expense, or interfering in any negotiation for settlement, or in any legal proceeding. If the Casualty Company should see fit to resist the claim, it could make any defense it pleased, hire such and as many lawyers as it wanted, and prolong the litigation to the last extremity. If its liability for the accident were converted into a fund for carrying on the contest, it could be done without the ordinary risks of litigation, and the only prospect for the assured would be in the remnant, if there should be any. A contract ought not to be construed to an absurd conclusion, if a reasonable one is possible. Moreover, a policy of insurance prepared with much care for the interests of the insurer should be construed favorably to the other party, if the language employed leaves the matter in doubt. These considerations lead us to think that when the Casualty Company reserved all power of control of the defence to actions brought by injured persons to establish the liability for the accident and recover damages, and insured the Telephone Company "against the expense of defending any suit for such damages," although it must needs be that the defense would be carried on in the name of the Telephone Company, and an adverse judgment would go against that company for damages and costs, yet in fact the Casualty Company would be defending the cause in its own interest, and for the purpose of performing its contract of indemnity against the expenses of any such suit; and at all stages of the litigation it would be for it to determine what expenses it would risk in the chances of defeating the claim.

It makes no difference that ultimately a larger liability was established against the Telephone Company than the limit of insurance, for the Casualty Company reserved the right to make the defense without regard to the amount claimed by the party injured by the accident, and the Telephone Company was as completely excluded in a case where the amount which might be recovered was as much as $25,000 as where it might not exceed $5,000. By its agreement it was ex-

posed to the hazard of the course which the Casualty Company might see fit to pursue. If the defense proved successful, the Casualty Company would have done no more than it had agreed to do. If unsuccessful, still that company had done only that. There is no room for holding that the liability of the Casualty Company for the expenses of making the defense were at all dependent upon the result of the litigation. The court below gave judgment to the plaintiff for the $5,000, and for only a proportionate part of the expenses of the defense, upon a theory of an equitable division between the parties. The Casualty Company has no ground for complaint. It was not entitled to deduct from the amount insured what it had paid in making the defense, and it was bound to make good to the Telephone Company the expenses which the latter had been compelled to pay because primarily liable.

The judgment must be affirmed, with costs.