[No. 7607.   Decided March 9, 1909.]

PUGET SOUND IMPROVEMENT COMPANY, *Respondent*, v.
FRANKFORT MARINE, ACCIDENT & PLATE GLASS
INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—INDEMNITY INSURANCE—POLICY—LIMIT OF LIABILITY—COSTS OF SUIT—WHAT INCLUDED—INTEREST—CONTRACT—CONSTRUCTION. Under a policy of accident indemnity insurance which limited the liability of the company for a death loss, on the assured's premises or adjacent sidewalks, to the sum of $5,000, and stipulated that the company would defend any suit against the assured "at its own cost," the company is only liable for $5,000 of a judgment obtained by a city against the assured, after a recovery against the city for the death of a person on the adjacent sidewalk, together with interest and all costs incurred by the assured in defending the suit brought by the city; and it is error to include costs incurred by the city on the defense of the original action against the city, with accumulated interest.

SAME—INDEMNITY—ACCRUAL OF RIGHT OF ACTION—INTEREST. A policy of indemnity insurance covering losses from accidents on the assured's premises is a contract of indemnity against loss and not against liability merely, and no right of action, or right to interest on the loss, accrues until the assured has actually paid the judgment rendered against it.

TENDER—INTEREST. After sufficient tender of an amount due on an indemnity contract, interest does not run on the sum due.

[1]Reported in 100 Pac. 190

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 5, 1908, in favor of the plaintiff, after a trial before the court upon stipulated facts, in an action upon an indemnity insurance policy. Reversed.

*Roberts & Hulbert*, for appellant.

*Peters & Powell*, for respondent.

RUDKIN, C. J.—Some time during the month of June, 1901, the defendant executed and delivered to the plaintiff its certain indemnity insurance policy, whereby it agreed to indemnify the plaintiff for the period of one year from the date of the policy against loss from common law or statutory liability, for damages on account of bodily injury, fatal or non-fatal, accidentally suffered within the period of the policy, by any person or persons while within the building premises of the plaintiff, situate at the southeast corner of Second avenue and Columbia street, in the city of Seattle, or upon the sidewalks or other ways immediately adjacent thereto. The policy contained the following stipulations and conditions, among others:

"A. The company's liability for an accident resulting in injuries to or in the death of one person, is limited to $5,000, and subject to the same limit for each person, total liability for any one accident resulting in injuries to or in the death of several persons is limited to $10,000."

"(1) The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the general managers of the company, for the United States of America, or to its duly authorized local agent. He shall give like notice, with full particulars of any claim that may be made on account of such accident, and shall at all times render the company all co-operation and assistance in his power.

"(2) If, thereafter, any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the general manager of the company for the United States of America, or to its duly authorized local

agent, every summons or other process or paper, as soon as the same shall have been served on him, and the company will, at its own cost, defend against such proceedings in the name and on behalf of the assured, or settle the same, unless it shall elect to pay to the assured the indemnity provided for in clause A of special agreements, as limited therein.

"(3) The assured shall not settle any claim, except at his own cost, nor incur any expense nor interfere in any of the negotiations for settlement or in any legal proceeding, without the consent of the company previously given, in writing; but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured when requested by the company shall aid in securing information, evidence and the attendance of witnesses, and in effecting settlements, and in prosecuting appeals, and in case the company requires the attendance of any employee or employees of the assured, as witnesses at inquests, or in suits, the assured will secure his or their attendance, making no charge for his or their loss of time."

"(7) No action shall lie against the company as respects any loss under this policy, unless it shall be brought by the assured himself, to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment, after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the assured for damages, unless at the expiration of such period there is such an action pending against the assured; in which case an action may be brought against the company by the assured, within sixty days after final judgment has been rendered and satisfied as above. The company does not prejudice by this clause any defense to such action which it may be entitled to make under this policy."

On the 11th day of February, 1902, one Christiana D. Smith suffered bodily injury by slipping on the hinge of an iron door in the sidewalk adjacent to the building described in the policy, and instituted an action against the city of Seattle to recover damages for the injury thus sustained. The city notified the plaintiff herein of the commencement and pendency of the action, and demanded that it appear and defend or be bound by the judgment rendered. The

plaintiff in turn notified the defendant company, but neither the plaintiff nor the defendant in the present action appeared in or defended the action against the city. The plaintiff in the last-mentioned action recovered judgment against the city in the sum of $7,633 and costs, which was affirmed by this court on appeal. *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674. On the 23d day of December, 1903, the city paid the judgment, amounting to the sum of $8,151.91 in all, and, in addition thereto, necessarily paid out and expended the sum of $500 in defending the action and prosecuting the appeal therein. The city then demanded payment of the amount of the judgment from the plaintiff in this action, and the plaintiff notified the defendant of such demand, but the defendant elected to litigate the question of liability with the city and the demand was not complied with. Suit was thereupon instituted and the city recovered judgment against the plaintiff herein in the superior court, and the judgment was affirmed by this court on appeal. *Seattle v. Puget Sound Imp. Co.*, 47 Wash. 22, 91 Pac. 255. The plaintiff paid the judgment, amounting to the sum of $10,-555.75, and instituted the present action on the indemnity policy. The defendant paid all court costs of the plaintiff in the action prosecuted against it by the city, except its attorney fees, and tendered to the plaintiff the sum of $5,000 before this action was commenced. The tender was refused and the money was paid into court.

The foregoing facts were stipulated in the court below, and upon them the plaintiff contended, and now contends, that of the original judgment of $8,155.91 paid by the city, the defendant was liable for the sum of $5,000, and the plaintiff for the residue or $3,151.91; that the defendant agreed to defend the action in the name of the plaintiff at its own costs, and that, therefore, the defendant should pay all costs of the action, including all accumulations of interest. In other words, that the plaintiff is still liable for $3,151.91 of the judgment and the defendant should pay the balance of the

$10,555.75, or $7,403.84. The defendant contends, on the other hand, that when it paid all court costs of the plaintiff in the action prosecuted by the city, and tendered and paid into court the sum of $5,000, it fully satisfied the terms and conditions of its contract with the plaintiff and should be discharged from further liability. The court below adopted plaintiff's view of the law in construing the contract, and gave judgment accordingly. From that judgment, the defendant has appealed.

The liability of the appellant is fixed by the terms of its contract, and the terms of that contract, if plain and free from ambiguity, must control. What did the appellant agree to do? First, that if an action was commenced against the assured to recover damages on account of an accident covered by the policy it would defend against such proceedings, at its own cost, in the name and on behalf of the assured, or settle the same, unless it should elect to pay the assured the indemnity provided for; and second, that it would pay the sum of $5,000 to reimburse the assured for loss actually sustained and paid in satisfaction of a judgment after trial of the issue. It seems to us that if the appellant should pay all costs of the action prosecuted against the assured by the city and should likewise pay or tender the sum of $5,000, as soon as the assured paid a sum equal to or in excess of that amount in satisfaction of a judgment rendered after trial of the issue, it has fully complied with and performed all the terms and conditions of its contract. This question was fully considered by the Supreme Judicial court of Maine in *Rumford Falls Paper Co. v. Fidelity & Casualty Co.*, 92 Maine 574, 43 Atl. 503, where a similar contract was construed, and in defining the meaning of the term "defend at its own cost," the court said:

"It was undoubtedly in contemplation of these things that the policy in suit was devised with a view to an apportionment of the responsibility between the insurer and the insured. Whether the interests of the assured are in all respects suffi-

ciently guarded by the stipulations in the contract, it is un-
necessary to consider.  These corporations had the same right
that individuals have to make their own contract.  The court
has no power to add to it or take from it.  The function of
the court is to interpret it, not to make it.  The first article
in the policy declares that the defendant 'company's lia-
bility for an accident resulting in injuries to or the death
of one person is limited to fifteen hundred dollars.'  This
language is clear and unambiguous, and would seem to be
susceptible of only one interpretation.   It measures the
amount of the insurance and limits the risk of the defendant
company in case of accident and injury to one person.  There
is no other stipulation in the policy which is inconsistent with
it.   The agreement in article 3 simply requires the defendant
company to defend 'any legal proceedings' at 'its own cost,'
in the event that it elects not to pay the $1,500 or accept
any offer of settlement.  It may be conceded that the word
'cost' is here used in the same relative sense as in the suc-
ceeding article in the policy, where the assured is prohibited
from settling any claim 'except at his own cost.'  What it
will cost to settle a claim is obviously the sum required to pay
it.   What it will cost to defend a lawsuit is the amount re-
quired to pay the fees of counsel and witnesses, and other
expenses involved in presenting the defense, including the tax-
able costs recovered by the plaintiff in that suit, if the de-
fense is unsuccessful.   What it will cost to make a defense
to the suit is one thing.  What it will cost to settle the judg-
ment that may be recovered is another and a different thing.
In each of these articles in the policy it is only the precise
thing specified, and no more, than is to be done by the policy
'at his own cost.'  The defendant company nowhere agrees
to settle any judgment, or to indemnify the assured against
any judgment that may be recovered against it, beyond the
specified limit of $1,500 and the cost of defending the suit.
This is clearly the contract which the parties made, and the
one which they are entitled to have enforced according to
its terms.

"The conclusion therefore is that the Rumford Falls Paper
Company is entitled to recover in this action against the
Fidelity & Casualty Company the sum of $1,500, the amount
of insurance specified in the policy, with interest thereon from

9—52 WASH.

February 21, 1896, the time when the verdict was rendered in the action, *Sawyer v. Rumford Falls Paper Company*, and the cost recovered in that action, taxed at $62.72, with interest thereon from July 14, 1897, the time when the execution for the damages and costs in that action was paid by the plaintiff company."

The reasoning of the court in the foregoing opinion is to our minds conclusive of the questions involved on this appeal. Counsel for respondent cite a number of cases which they claim are directly in point and establish a different rule, but we do not so read them. In *Cudahy Packing Co. v. New Amsterdam Casualty Co.*, 132 Fed. 623, "The Casualty Company incurred and paid in making defense $679.15, which it insists shall be deducted from the $5,000, while the packing company insists it is entitled to the sum of $167.30, its expenses, and $5,000 with interest from the date of the judgment." The court held that the Casualty Company was not entitled to deduct the expenses incurred in defense of the action from the amount of the stipulated indemnity, and that the assured was entitled to the full sum of $5,000, with interest from the date of the judgment, together with expenses incurred. In *New Amsterdam Casualty Co. v. Cumberland Tel. etc. Co.*, 152 Fed. 961, the trial court gave judgment for the full amount of the stipulated indemnity and a portion of the costs incurred, and this judgment was affirmed on appeal. The effect of these decisions is well stated in a note to the report of the latter case in 12 L. R. A. (N. S.) 479, as follows:

"Policies of indemnity insurance against liability for personal injuries to others usually provide, as did the one sued upon in the above case, that the insurer's liability shall be limited to a certain amount, and that, when suit is brought against the assured for such injury, the insurer shall be notified, and shall have full charge of the case; which shall be defended by its own counsel, and which can be settled only with its consent. When an injured person has recovered against the assured, in such a policy, damages to an amount equaling or exceeding the sum limited in the policy, the weight

of authority supports the rule that, in actions upon such policies, the assured may recover all expenses of litigation that he may have incurred in the defense of the suit, in addition to the full amount expressed in the policy; and that, if the insurer has incurred any expenses in defending the suit for the assured, he will not be permitted to have the same deducted."

To the same effect see *Stephens v. Pennsylvania Casualty Co.*, 135 Mich. 189, 97 N. W. 686; *Travelers Ins. Co. v. Henderson Cotton Mills*, 120 Ky. 218, 85 S. W. 1090, 117 Am. St. 585.

All these cases involved either a question of costs or a question of interest on the amount the Casualty Company agreed to pay, in the event of loss or damage. In *Globe Navigation Co. v. Maryland Casualty Co.*, 39 Wash. 299, 81 Pac. 826, the amount of the recovery against the assured was less than the amount of the stipulated insurance, so that the contract of indemnity was in effect a general and unlimited one, and the same is true of the other cases cited.

In this case, it will be observed, the court gave judgment for all costs, including the $500 expended by the city in defending the original action, and for interest not only on the amount the appellant agreed to pay from a date long anterior to the time its liability became fixed under the terms of its contract, but on the amount for which the respondent was liable as well. Under no conceivable view of the contract or the law could the appellant be held liable for more than the sum of $5,000 with interest and costs, and the only room for construction is as to what is included in these terms. For the $5,000 it is confessedly liable, and this much is conceded. For the entire costs of the action prosecuted against the assured by the city, we think it is also liable under its contract. It only remains to consider the question of interest. Inasmuch as the contract in suit was one of indemnity against loss and not against liability merely, there was no right of action on the contract until the assured had actually paid the judgment rendered against it, and no interest could accrue

prior to that date. *Allen v. Gilman, McNeil & Co.*, 137 Fed.
136; *Allen v. Aetna Life Ins. Co.*, 145 Fed. 881, 7 L. R. A.
(N. S.) 958; *Connolly v. Bolster*, 187 Mass. 266, 72 Atl.
981; *Cushman v. Carbondale Fuel Co.*, 122 Iowa 656, 98
N. W. 509; *Frye v. Bath Gas & Electric Co.*, 97 Maine 241,
54 Atl. 395, 94 Am. St. 500, 59 L. R. A. 444; *Travelers' Ins.
Co. v. Moses*, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. 663.

We are therefore of opinion that the respondent is entitled
to recover the sum of $5,000 and all costs incurred in the
action of the *City of Seattle v. Puget Sound Improvement
Company*, with legal interest on these several amounts from
the date of satisfaction of that judgment; and the judgment
is reversed, with directions to enter a judgment accordingly.
If a sufficient tender has been made no interest will be allowed
subsequent to the date of the tender.

CROW, GOSE, FULLERTON, MOUNT, DUNBAR, and CHAD-
WICK, JJ., concur.