BREWSTER et al. v. EMPIRE STATE SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

1. INSURANCE (§ 514*)—EMPLOYER'S LIABILITY INSURANCE—INTEREST PENDING APPEAL ON JUDGMENT AGAINST EMPLOYER.

Under a policy indemnifying an employer against loss, not exceeding $5,000, by reason of liability incurred from injuries to employés, the insurer is not liable for interest on a judgment for $5,000 pending an appeal taken by the insurer, who, by the terms of the policy, conducts the litigation.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 514.*]

2. INSURANCE (§ 514*)—EMPLOYER'S LIABILITY INSURANCE.

Where an employer's liability insurance policy forbade the insured to settle any claims for injuries, and provided that in case suit was brought the papers should be forwarded to the surety company, which would "at its own cost defend such suit" in behalf of the insured, unless the company should elect to settle it, and gave the company absolute right to appeal and manage its case, the costs for which the defendant was liable on a judgment for $5,000, the limit of the policy, were not limited to the payment of its own attorneys and disbursements, but it was liable for the costs of the action, which entered into the judgment.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 514.*]

Appeal from Special Term, Rensslaer County.

Action by Benjamin O. Brewster and another against the Empire State Surety Company of New York. From an order granting defendant's motion for judgment on the pleadings, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

B. R. Wellington, for appellants.
Hirsh & Rasquin (Leon N. Futter, of counsel), for respondent.

JOHN M. KELLOGG, J. [1] The facts are very similar to Saratoga Trap Rock Company v. Standard Accident Insurance Company, decided by this court March 8, 1911, reported in 128 N. Y. Supp. 822. In that case we held, by a divided court, where the judgment against the assured was for just $5,000, and under the terms of a policy the insurance company appealed, that the insurer was not liable for interest upon the judgment during the pendency of the appeal. That case settles the question of interest adversely to the appellant.

[2] The plaintiff in this action has been compelled to pay the taxable costs of the action and of the defendant's unsuccessful appeal, and also the interest on the judgment during the appeal. The case cited rather assumes, without deciding, that the insurance company,

————————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon a similar policy, would be liable for the costs of the suit. The policy forbade the assured to settle, and provided that in case suit is brought every summons and other paper, as soon as served, shall be forwarded to the surety company, "and the company will, at its own cost, defend such suit in the name and on behalf of the assured, unless the company shall elect to settle the same or to pay the assured the indemnity provided for in condition A hereof." The policy gave the company the absolute right to appeal and manage the case.

It is said by defendant that the words "at its own cost" in the above quotation mean that the company is to pay its own attorneys and disbursements, but is not to pay the costs of the action, which enter into the judgment. This puts too narrow a construction upon these words. We think the policy contemplates that the lawsuit and its results shall rest upon the insurer, with the limitation, however, that the damages for the accident which it must eventually pay shall not exceed $5,000. The taxable costs in the judgment and the costs of the appeal are not damages on account of the accident. Within the spirit of the policy, the defendant has not defended the lawsuit at its own cost, while the plaintiff is compelled to pay the taxable costs of the suit and of the unsuccessful appeal which the defendant prosecuted.

It follows, therefore, that the order and judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.