(July 6, 1912.)

COAST LUMBER COMPANY, a Corporation, Appellant, v. AETNA LIFE INSURANCE COMPANY, a Corporation, Respondent.

[125 Pac. 185.]

Insurance Contract—Loss by Injury or Death—Liability for Costs and Expenses of Litigation.

(Syllabus by the court.)

1. Where a contract for insurance against bodily injury and death, accidentally suffered, provides a limitation of $5,000 as the company's liability for loss on account of an accident resulting in

bodily injury or death, for each person, and likewise provides that the company will pay the expense of litigation in addition to the sum limited, and also provides that if the company shall elect to pay the assured the sum limited it shall not be liable for further expense of litigation after payment shall have been made, and also further provides that in case suit is brought against the assured to enforce a claim for damages on account of accident the company will, at its own cost, defend such suit, and such company exercises its option and defends a suit, such company is liable for all costs and expenses in such action both in the trial and appellate courts.

2. The covenant "to pay the expense of litigation," and also "the company will, at its own cost, defend such suit in the name and on behalf of the assured," are clear and express promises and an agreement on the part of the insurance company that the company will pay the costs incurred in defending a suit for damages against the assured, where payment of the sum insured is refused by the insurance company.

3. "Costs and expenses," as used in the contract of insurance involved in this case, is the amount paid counsel and witnesses, and court costs, and all costs including the taxable costs recovered by the plaintiff in such suit.

4. Where an action is brought to recover damages sustained under a life insurance policy insuring against injuries and death, and a defense is made by the insurance company on behalf of the assured, and such action is contested and tried in the district court, and thereafter appealed to the supreme court where such judgment is affirmed, the assured cannot recover from the insurance company interest on the amount of insurance for the period during which said judgment is being contested through the appellate court, and until such judgment is paid by the insurance company upon affirmance, as part of the costs and expenses of such litigation.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. John F. MacLane, Judge.

Action to recover costs and expenses recovered under an insurance policy against injuries and death.   *Reversed.*

Alfred A. Fraser and Robert R. Wedekind, for Appellant.

The liability of the insurance company is fixed by its policy of insurance, and the terms of that contract, in the abs

ambiguity, must control.   (*Rumford Falls Paper Co. v. Fidelity & Casualty Co.*, 92 Me. 574, 43 Atl. 503.)

The company is liable for costs.  (*New Amsterdam Casualty Co. v. Cumberland Tel. Co.*, 152 Fed. 961, 82 C. C. A. 315, 12 L. R. A., N. S., 478; *Brewster v. Empire State Co.*, 145 App. Div. 678, 130 N. Y. Supp. 439.)

The company is liable for interest.   (*Saratoga Traprock Co. v. Standard Ins. Co.*, 143 App. Div. 852, 128 N. Y. Supp. 827; *Cudahy Pkg. Co. v. New Amsterdam Casualty Co.*, 132 Fed. 623; *Frye v. Bath Gas and Electric Co.*, 97 Me. 241, 94 Am. St. 500, 54 Atl. 395, 59 L. R. A. 444; *Sanders v. Frankfort Marine etc. Ins. Co.*, 72 N. H. 485, 101 Am. St. 688, 57 Atl. 655.)

In any event, the court should have entered judgment in its favor in this action for the costs expended and paid by it in defense of the suit in the trial court and on appeal.   (*Conqueror Zinc & Lead Co. v. Aetna Life Ins. Co.*, 152 Mo. App. 332, 133 S. W. 156; *Puget Sound Imp. Co. v. Frankfort Marine etc. Ins. Co.*, 52 Wash. 124, 100 Pac. 190; *Maryland Casualty Co. etc. v. Omaha Electric Light & Power Co.*, 157 Fed. 514, 85 C. C. A. 106.)

Richards & Haga, for Respondent.

The employer's liability policy involved in this action insures only against loss actually sustained and paid, and not against liability.   The difference between a contract of indemnity against loss and one to pay legal liabilities is that under a contract indemnifying a party against loss, the cause of action does not accrue until the loss has been paid by the party indemnified, whereas under a policy insuring against liabilities, the cause of action accrues when the liability of the party indemnified attaches.   (*Frye v. Bath Gas & Elec. Co.*, 97 Me. 241, 94 Am. St. 500, 54 Atl. 395, 59 L. R. A. 444; *Finley v. United States Casualty Co.*, 113 Tenn. 592, 83 S. W. 2, 3 Ann. Cas. 962; *Cayard v. Robertson*, 123 Tenn. 382, 131 S. W. 864, 30 L. R. A., N. S., 1224, Ann. Cas. 1912C, 152; *Cushman v. Cloverdale Fuel Co.*, 122 Iowa, 656, 98 N. W. 509; *Kennedy v. Casualty Co.*, 100 Minn. 1, 117 Am. St. 658, 110

N. W. 97, 9 L. R. A., N. S., 478, 10 Ann. Cas. 673; *Bain v. Atkins*, 181 Mass. 240, 92 Am. St. 411, 63 N. E. 414, 57 L. R. A. 791; *Allen v. Aetna Life Ins. Co.*, 145 Fed. 881, 76 C. C. A. 265; *Allen v. Gilman, McNeil & Co.*, 137 Fed. 136; *Conqueror Zinc & Lead Co. v. Aetna Life Ins. Co.*, 152 Mo. App. 332, 133 S. W. 156; *Carter v. Aetna Life Ins. Co.*, 76 Kan. 275, 91 Pac. 178, 11 L. R. A., N. S., 1155.)

Appellant cannot recover interest in this case, for there was no liability on the part of the respondent until the judgment was paid by appellant. (*Saratoga Traprock Co. v. Standard Acc. Ins. Co.*, 143 App. Div. 852, 128 N. Y. Supp. 822; *Conqueror Zinc & Lead Co. v. Aetna Life Ins. Co.*, *supra; National Providence Worsted Mills v. Frankfort Marine Acc. & Plate Glass Ins. Co.*, 28 R. I. 126, 66 Atl. 58; *Maryland Casualty Co. v. Omaha Elec. L. & P. Co.*, 157 Fed. 514, 85 C. C. A. 106; *Munroe v. Maryland Casualty Co.*, 48 Misc. Rep. 183, 96 N. Y. Supp. 705.)

The provision in the policy that the insurer will at its own cost defend any action brought against the assured by an employee, unless the insurer elects to settle the same or pay the assured the face of the policy, refers only to the cost of defending the action, and does not refer to the taxable costs which the employee may recover as part of his judgment against the assured. (*Allen v. Aetna Life Ins. Co.*, *supra; Munroe v. Maryland Casualty Co.*, *supra; Connolly v. Bolster*, 187 Mass. 266, 72 N. E. 981; *Davison v. Maryland Casualty Co.*, 197 Mass. 167, 83 N. E. 407; *Munson v. Standard Marine Ins. Co.*, 145 Fed. 957; affirmed in 156 Fed. 44, 84 C. C. A. 210; *Cornell v. Travelers' Ins. Co.*, 175 N. Y. 239, 67 N. E. 578; *Nesson v. United States Casualty Co.*, 201 Mass. 71, 131 Am. St. 390, 87 N. E. 191; *Henderson Lighting & P. Co. v. Maryland Casualty Co.*, 153 N. C. 275, 69 S. E. 234, 30 L. R. A., N. S., 1105.)

STEWART, C. J.—On the 14th day of April, 1909, Charles N. Maw recovered a judgment against the appellant for personal injuries for the sum of $12,500, with interest thereon at the rate of seven per cent per annum until paid, together with

costs and disbursements incurred in said action, amounting to the sum of $96.40. An appeal was taken from said judgment to the supreme court of this state and said judgment was affirmed, on the 18th day of March, 1911, and the costs on the appeal were assessed at the sum of $46.25. On the 18th day of May, 1911, plaintiff paid such judgment in full, amounting to the sum of $14,489.95.

This action was thereafter commenced by the appellant against the respondent for the purpose of recovering the sum of $856, the interest accruing upon the sum of $5,000 for two years, one month and four days, the period expiring between the date the judgment was entered on the 14th of April, 1909, in the foregoing case, and the payment of said judgment on the 18th of May, 1911, and also for the sum of $96.40, the costs upon said trial, and the further sum of $46.25, the costs of appellant in said action.

The cause was tried to the court, findings of fact made and judgment was rendered in favor of the defendant that the plaintiff take nothing by its complaint. This appeal is from the judgment.

This action is based upon an insurance policy issued by the respondent to the appellant, which among other things contains the following provision: ''In consideration of the warranties of the assured hereinafter set forth and of Fifty-six and no/100 dollars ($56.00) estimated premium, the Aetna Life Insurance Company of Hartford, Connecticut (called the company), does hereby insure the Coast Lumber Co. of Boise, County of Ada, State of Idaho (called the assured), against loss or expense arising or resulting from claims upon the assured for damages on account of bodily injuries or death accidentally suffered, by reason of the operation of the trade or business described herein, by any employee or employees of the assured while within the factory, shop, or yards described herein, etc.''

This insurance is subject to the following conditions:

''A. The Company's liability for loss on account of an accident resulting in bodily injuries to or in the death of one person is limited to Five Thousand Dollars ($5,000.00) ; and,

subject to the same limit for each person, the Company's total liability for loss on account of any one accident resulting in bodily injuries to or in the death of more than one person, is limited to Ten Thousand Dollars ($10,000.00). The Company will however as provided in conditions D. and E., hereof, pay the expense of litigation in addition to the sum herein limited, provided that if the Company shall elect to pay the Assured the sum as herein limited, it shall not be liable for further expenses of litigation after such payment shall have been made.

"B.   This Policy does not cover loss or expense arising on account of or resulting from injuries or death to, or if caused by (here follows an enumeration of the risks not assumed or for which the Insurer shall not be liable).

"C.   Upon the occurrence of an accident the Assured shall give immediate written notice thereof with the fullest information obtainable to the Home Office of the Company at Hartford, Conn., or its duly authorized agent. If a claim is made on account of such accident the Assured shall give like notice thereof with full particulars. The Assured shall at all times render to the Company all co-operation and assistance in his power.

"D.   If thereafter any suit is brought against the Assured to enforce a claim for damages on account of an accident covered by this Policy, the Assured shall immediately forward to the Company's Home Office every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the Assured, unless the Company shall elect to settle the same or to pay the Assured the indemnity as provided for in Condition A. hereof.

"E.   The Assured, whenever requested by the Company, shall aid in effecting settlements, securing the information and evidence, the attendance of witnesses and in prosecuting appeals, but the Assured shall not voluntarily assume any liability, or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at his own cost, without the written consent of the Company previously given, except that the Assured may provide

at the Company's expense such immediate surgical relief as is imperative at the time of the accident.

"F.   No action shall lie against the Company to recover for any loss or expense under this Policy unless it shall be brought by the Assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within ninety days after payment of such loss or expense."   .

It is the contention of the appellant that the respondent is liable under the provisions of the foregoing policy of insurance: First, for loss or expense arising or resulting from claims upon the assured for damages on account of bodily injuries.   Second, that where suit is brought against the assured to recover damages on account of accidents covered by the policy, the company will defend such proceedings at its own cost, in the name and on behalf of the assured, or settle the same, unless it should elect to pay the assured the indemnity provided for.   Third, that the insurance company must pay not only the sum of $5,000, the amount limited by the policy, but in addition thereto the expense of litigation, as provided in condition "A," actually sustained and paid in money by him after actual trial of the issue, as provided in condition "F."

The right of the plaintiff to recover is to be determined by the language used in the contract of insurance, and the compensation depends entirely upon the covenants in the contract; and in construing such contract the general rules applicable to contracts generally should be applied.   (*Rumford Falls Paper Co. v. Fidelity & Casualty Co.*, 92 Me. 574, 43 Atl. 503.)

Under the provisions of condition "A" the respondent company agrees to pay for loss on account of accident resulting in bodily injuries to, or in the death of one person to the extent of $5,000, and to "pay the expense of litigation in addition to the sum herein limited, provided if the company shall elect to pay the assured the sum as herein limited, it shall not be liable for further expenses of litigation after such payment shall have been made."   That is, where the employee brings an action against the assured, the company reserves the right

to pay to the assured the sum named in the policy, and by so doing is relieved from any expense incurred in the litigation to recover a greater sum than the amount specified in the policy and paid. If such payment, however, is not made by the insurance company, then the company agrees to pay the expense of litigation in addition to the sum limited by the policy of insurance; and under the provisions of condition "C" of the policy, when an accident occurs the assured is required to give written notice to the insurance company or its agent, and if claim is made on account of such accident, the assured is required to give notice of the particulars, and under the provisions of condition "D" of the contract, if thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by the policy, the assured is required to notify the insurance company as soon as the summons or other process is served, and the insurance company agrees to defend such suit "in the name and on behalf of the assured at the cost of the insurance company unless the company elects to settle the same." Under the provisions of condition "E" the assured is prohibited from assuming any liability or in any way interfering with negotiation for settlement or any legal proceeding or incur any expense or settle any claim except at *its own cost*, without the written assent of the company. Under the provisions of condition "F," no action shall lie against the company *for loss or expense unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue*, nor unless such action is brought within ninety days after payment of such loss.

From these various provisions it is apparent that where an accident occurs, the assured shall give notice to the company, and if a claim is made on account of such accident, notice shall also be given to the company by the assured, and thereafter if a suit is brought against the assured to enforce a claim of damages on account of accident covered by the policy, the company reserves the right to pay the amount specified in the contract of insurance, or to defend the action brought against the assured for damages. And if the company defends such

action, it promises and agrees to do so at its *own cost and expense.*

In this case an action was brought by Maw against the assured, the Coast Lumber Company, to recover the sum of $15,000, and the respondent asserted its option under condition "D" of the policy of insurance, and took charge of the defense of the appellant Coast Lumber Company, and conducted and prosecuted such defense during the trial and up to the entry of judgment for damages in said suit, and likewise prosecuted the appeal from that judgment to the supreme court where such judgment was affirmed. This being true, the respondent obligated itself to pay the expense of such litigation in addition to the sum limited in the policy. Where the action for damages is for a sum in excess of the amount fixed and stipulated in the policy of insurance and the company elects to defend rather than to pay the amount specified in the policy of insurance, then the company assumes and agrees to pay in addition to the amount specified in the policy the expense of litigation. This is clearly contemplated by conditions "A" and "D," and is a clear and specific agreement on the part of the insurance company as a part of the consideration for the policy.

The covenant "pay the expense of litigation," as used in condition "A," and the provision in condition "D," "and the company will, at its own cost, defend such suit in the name and on behalf of the assured," are clear and express promises, and an agreement on the part of the insurance company that the company will pay the cost incurred in defending a suit for damages against the assured, where payment of the sum insured is refused by the insurance company, and such costs and expense is the amount paid counsel, and to witnesses, and other court costs, and all costs and other expenses, including the taxable costs recovered by the plaintiff in said suit, if the defense made is unsuccessful. This is clearly the contract which the parties have made and which is enforceable in this action.

The plaintiff's right of recovery does not depend upon the amount of the judgment recovered by the person sustaining the injuries, and for which suit is brought against the assured, because of the limit of insurance fixed by the policy of insurance, for the company reserves the right to make the defense without regard to the amount claimed by the party injured by the accident, or the amount that may be recovered in such action, inasmuch as the assured is excluded from the control of conduct of the defense made in such suit. If the defense made proves successful, the insurance company would have done no more than it claimed to do, and if the defense was unsuccessful, then the company did no more than it promised to do under the provisions of the contract, and the expense and cost thus incurred were obligations which the insurance company assumed and agreed to pay, where the amount of insurance was not paid by the insurance company, and where the insurance company elected to make a defense on behalf of the assured. (*Rumford Falls Paper Co. v. Fidelity & Casualty Co.*, 92 Me. 574, 43 Atl. 503; *New Amsterdam Casualty Co. v. Cumberland Telegraph Co.*, 152 Fed. 961, 82 C. C. A. 315, 12 L. R. A., N. S., 479; *Brewster v. Empire State Surety Co.*, 145 App. Div. 678, 130 N. Y. Supp. 439; *Puget Sound Imp. Co. v. Frankfort*, 52 Wash. 124, 100 Pac. 190.)

The evidence in this case shows that the insurance company took charge of the defense as provided in the contract of insurance, upon the trial of said action in the district court, and that the appeal was authorized by the insurance company, and that counsel was employed by the insured as well as by the insurance company in prosecuting the appeal, and the court so found, and the evidence is sufficient to support the findings. This being true, the respondent insurance company in no way released its claim under the terms of the contract, or released itself from the provisions of said contract with reference to paying the expense of such appeal, and the appellant is entitled to recover the costs alleged and proven.

There is a claim made in this case that the appellant company should be allowed interest on the judgment for two years,

one month and four days, the period between the time the judgment was entered in the district court and the payment of the insurance on the 18th day of May, 1911. There is no provision in the policy by which the insurance company obligates itself to pay interest during that period of time. The accruing of interest is not costs or expenses of litigation as covered by the provisions in the insurance contract. And in this case the appellant is responsible as well as the respondent for the delay of payment of the insurance by reason of such appeal, because the appellant joined with the respondent in such appeal and employed counsel to prosecute the same.

The judgment in this case is reversed and the cause is remanded, with directions to enter judgment in favor of the appellant covering the costs and expenses paid by the appellant both upon the trial and upon the appeal.

The judgment is *reversed;* costs awarded to appellant.

Ailshie and Sullivan, JJ., concur.