CURTIS & GARTSIDE CO. v. ÆTNA LIFE INS. CO.

No. 5982.    Opinion Filed October 10, 1916.

(160 Pac. 465.)

1.  **INSURANCE—Employers' Liability Insurance—Nature of Contract.** A clause in a policy undertaking to indemnify assured against loss by reason of liability on account of injuries to employees, by which the insurer undertakes to defend proceedings against the assured, unless it should elect to settle the same or pay the assured the indemnity provided for, does not make the contract one guaranteeing payment of an obligation of the assured, rather than one of indemnity, where another clause of the policy provides that no action shall be brought against the insurer unless by the assured himself to reimburse him for loss actually sustained and paid; the former clause being merely an additional privilege for the protection of the insurer.

2.  **INDEMNITY—Nature of Contract—Distinction from Guaranty.** Contracts to pay legal liabilities differ from contracts of indemnity, in this, that, upon the latter, action cannot be maintained and recovery had until the liability is discharged, while upon the former the right of action is complete when the liability attaches.

3.  **INSURANCE—Extent of Liability—Interest.** Under a policy indemnifying an employer against loss, not exceeding $5,000, by reason of liability incurred from injuries to employees, the insurer is not liable for interest on a judgment for $5,000 pending an appeal taken by the insurer, who, by the terms of the policy, conducts the litigation.

4.  **SAME.** The extent of the company's liability under such policy is governed by the terms of the contract, and is thereby limited to $5,000, and the expense of defending the action against the assured, if the company elects to defend, and the interest accruing on the judgment recovered in such action, pending an appeal therefrom, is not a part of such expense.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by the Curtis & Gartside Company against the Ætna Life Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Ames, Chambers, Lowe & Richardson,* for plaintiff in error.

*Everest & Campbell,* for defendant in error.

SHARP, J. September 6, 1908, the Ætna Life Insurance Company executed an accident policy to the Curtis & Gartside Company, by which it insured the latter against loss or expense arising or resulting from claims upon the assured for damages, on account of bodily injuries suffered by its employees on account of the operation of its business as a manufacturer of sashes and doors at Oklahoma City, Okla. On the 19th day of October following, one James Pribyl, an employee of the assured, received injuries to his person, on account of which suit was afterwards brought against his employer, the manufacturing company. March 19, 1910, in a trial had in the superior court of Oklahoma county, judgment was awarded in favor of Pribyl and against the manufacturing company in the sum of $5,000. On appeal to this court, the judgment of the trial court was affirmed on July 22, 1913. *Curtis & Gartside Co. v. Pribyl,* 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471. From the time the judgment was rendered in the trial court, and until the mandate from this court was filed in the lower court, interest thereon amounting to $1,025 had accrued. The insurance company thereafter paid the assured $5,000, and also paid all court costs, but denied its liability for interest on the judgment from the date of its rendition until the final decision on appeal, and refused payment thereof. This amount the assured was compelled to pay Pribyl on his judgment, and thereafter brought its action to recover said sum of the insurer. The policy provides that:

The insurer "does hereby insure * * * against loss or expense arising or resulting from claims upon the

insured for damages on account of bodily injuries or death accidentally suffered by reason of the operation of the trade or business described herein."

And it also contains certain conditions, including the following:

"(A) The company's liability for loss on account of an accident resulting in bodily injuries to or in the death of one person is limited to five thousand dollars ($5,000.00); and subject to the same limit for each person, the company's total liability for loss on account of any one accident resulting in bodily injuries to or in the death of more than one person, is limited to ten thousand dollars ($10,000.00). The company will, however, as provided in conditions D and E hereof, pay the expense of litigation in addition to the sum herein limited, provided, that if the company shall elect to pay the assured the sum as herein limited, it shall not be liable for further expenses of litigation after such payment shall have been made."

Other provisions, lettered C, D, and E, of the policy, provided that upon the occurrence of an accident the assured should give immediate written notice thereof, with fullest information obtainable, to the home office of the company, or its duly authorized agent, and that if a claim was made on account of such accident the assured should give like notice thereof with full particulars; and, further, that the assured should at all times render the company all cooperation and assistance in its power; that if thereafter any suit was brought against the insured to enforce a claim for damages on account of an accident covered by the policy, the assured should immediately forward to the company's home office every summons or other process, immediately after service thereof; and that the company would, at its own cost, defend such suit in the name and behalf of the assured, unless it should elect to settle the same or pay the assured the indemnity provided for in

the policy; that the assured, whenever requested, by the company, should aid in effecting settlement, securing information and evidence, or attendance of witnesses, and prosecuting appeals, but should not voluntarily assume any liability, or interfere in any negotiations for settlement, or in any legal proceedings, or incur any expense, or settle any claim, except at its own cost, without the written consent of the insurer previously given, except under certain circumstances not involved in the present action. Section F of the conditions, to which the policy was subject, provided:

"No action shall lie against the company to recover for any loss or expenses under this policy, unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within 90 days after payment of such loss or expense."

In construing the policy, proper consideration must be given to all of its provisions. The clause of the policy insuring against loss or expense arising or resulting from the claims upon the assured for damages, construed in connection with the condition that no action should lie against the company to recover for any loss or expense under the policy, unless it should be brought by the assured for loss or expense actually sustained and paid in money by him after trial, clearly constitutes the policy one of indemnity, and not of liability merely. It was not because of the injury to Pribyl, or of the action by him against the assured, that the insurer became liable on its policy. It was the fact that the assured had actually paid the judgment. Until the assured paid in money the judgment rendered against it, no claim, cognizable in a court of law, accrued to it under the terms of the policy. Not until such time had a loss accrued to the assured, though

its liability was fixed by the final judgment. The payment of the judgment was a condition precedent to plaintiff's cause of action, and until that was done it was not damnified within the meaning of the policy; hence was not entitled to be indemnified. Our views find support in many reported cases, including: *American Employers' Liability Ins. Co. v. Fordyce,* 62 Ark. 562, 36 S. W. 1051, 54 Am. St. Rep. 305; *Finley v. United States Casualty Co.,* 113 Tenn. 592, 83 S. W. 2, 3 Am. Cas. 962; *Connolly v. Bolster,* 187 Mass. 266, 72 N: E. 981; *Allen v. Ætna Life Ins. Co.,* 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958; *Maryland Casualty Co. v. Omaha El. L. & P. Co.,* 157 Fed. 514, 85 C. C. A. 106.

The contract of insurance was not obtained by the assured for the benefit of its employees, but for its own benefit exclusively; to reimburse it for any sum, within the limits fixed, that said company might be obliged to pay on account of injuries sustained by an employee. *Frye v: Bath Gas & Elec. Co.,* 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; *Carter v. Ætna Life Ins Co.,* 76 Kan. 275, 91 Pac. 178, 11 L. R. A. (N. S.) 1155.

The liability of the insurance company under the policy must be measured by its terms. Under the policy the maximum recovery on account of an accident resulting in bodily injuries to, or in the death of, one person, was $5,000. There was, however, a provision that if the insurer elected, on behalf of the assured, to contest a recovery on the part of the injured employee, or those standing in his right, the insured would pay "the expense of litigation" in addition to the maximum amount recoverable on the policy. It will be remembered that the judgment was for $5,000, and that this, together with the expense of litigation, so far as the same involved court costs, was promptly

paid. In such circumstances it would seem that the insurer has fully discharged its obligations. "Expense of litigation," as commonly understood, does not include interest, though interest may accumulate as the result of the litigation. An agreement to pay the "expense or cost of making a defense" to an action at law, in the common and well understood acceptance of the term, fairly and reasonably contemplates the attorney fees, the court costs, stenographer fees, and other expenditures necessary and directly required to present the defense, and does not include the collateral and indirect results of doing so. *Maryland Casualty Co. v. Omaha El. L. & P. Co.*, 157 Fed. 514, 85 C. C. A. 106; *Saratoga Trap Rock Co. v. Standard Accident Ins. Co.*, 143 App. Div. 852, 128 N. Y. Supp. 822; *Brewster v. Empire State Ins Co.*, 145 App. Div. 678, 130 N. Y. Supp. 439.

While there is some conflict in the authorities, as to the right of the assured to recover interest pending a decision on appeal, the great weight of authority we believe to be against the rule contended for, as shown by the following cases: *Stephens v. Pennsylvania Casualty Co.*, 135 Mich. 189, 97 N. W. 686, 3 Ann. Cas. 478; *Conquerer Zinc & Lead Co. v. Ætna Life Ins. Co.*, 152 Mo. App. 332, 133 S. W. 156; *Little Cahaba Coal Co. v. Ætna Life Ins. Co.*, 192 Ala. 42, 68 South. 317; *Puget Sound Imp. Co. v. Frankfort Marine, A. & P. G. Ins. Co.*, 52 Wash. 124, 100 Pac. 190; *Coast Lbr. Co. v. Ætna Life Ins. Co.*, 22 Idaho, 264, 125 Pac. 185; *National & P. W. Mills v. Frankfort Marine, A. & P. G. Ins. Co.*, 28 R. I. 126, 66 Atl. 58; *Davison v. Maryland Casualty Co.*, 197 Mass. 167, 83 N. E. 407; *Cannon Mfg. Co. v. Employers' Indemnity Co.*, 161 N. C. 19, 76 S. E. 536, Ann. Cas. 1914D, 1095. The foregoing cases involve either the same form of policy, or very similar policies, to that at hand; and in all of which a recovery for in-

terest was denied. If by reason of the loss to the assured it has been injured, it is the result of the failure of the policy to make sufficient provisions for its full protection. The rights of both the assured and the insurer depend upon the terms of their engagement, and are not to be measured by the equities arising out of the loss, or the fact that payment of the claim was delayed by the action of the insurer. The latter was a right provided for and forming a part of the consideration of the policy. It would not be contended that, had the judgment against the insured been for $6,-000, the insurer would be liable beyond the maximum amount of the policy. In such case the assured would, upon a settlement of the judgment, be loser to the extent of the difference, the consequence of inadequate indemnity.

The insurance company having paid the maximum sum for which it was liable, and having in the policy reserved the right to contest a recovery by the injured employee, it is not liable on account of interest accruing prior to payment of the judgment by the assured. *Maryland Cas. Co. v. Peppard,* 53 Okla. 515, 157 Pac. 106.

The right of the assured to recover on its policy of indemnity not attaching until payment of the judgment, and there being no provision of the policy, fairly construed, allowing a recovery for interest prior to such time, it follows that the judgment of the trial court, sustaining a demurrer to plaintiff's petition, should be and is sustained.

All the Justices concur, except KANE, C. J., absent and not participating.