CASEY-HEDGES Co v. SOUTHWESTERN SURETY Co.

(*Knoxville.*   September Term, 1917.)

1. **INSURANCE. Liability insurance. Extent of insurer's liability. "At its own expense."**

Under a policy insuring against loss from claims for personal injuries, limiting the insurer's liability on account of one accident to $5,000, and reserving to the insurer the right to assume the management and defense of suits for such injuries, and providing that when it assumed such defense it would defend at its own expense, the moneys expended in such defense not to be included in the limit of liability previously fixed, the insurer was liable for taxable costs in addition to the $5,000; such costs being a part of the costs of defense, and the expression "at its own expense" meaning practically the same as "at the cost" of the insurer. (*Post, p.* 67.)

Cases cited and approved: Nat. Provident Worsted Mills v. Frankfort, etc., Ins. Co., 28 R. I., 126; Munro v. Maryland Cas. Co., 48 Misc. Rep., 183; Aetna L. Ins. Co. v. Bowling Green Gaslight Co., 150 Ky., 732.

2. **INSURANCE. Liability insurance. Extent of liability. "Moneys expended in defense."**

Under such policy, where an appeal was taken from a judgment recovered against insured on the claim for personal injuries, the insurer was liable for the interest accruing on the portion of the judgment for which it was liable; such interest coming within the term "moneys expended in said defense," which by the policy were to be excluded from the limitation of liability. (*Post, pp.* 67-72.)

Cases cited and approved: Davison v. Maryland Cas. Co., 197 Mass., 167; Munro v. Maryland Cas. Co., 48 Misc. Rep., 183; Coast Lumber Co. v. Aetna Life Ins. Co., 22 Idaho, 264; New

Amsterdam Cas. Co. v. Cumberland Tel. & Tel. Co., 152 Fed., 961; Saratoga Trap Rock Co. v. Standard Acc. Ins. Co., 143 App. Div., 852.

FROM HAMILTON.

Appeal from the Chancery Court of Hamilton County.—W. B. GARVIN, Chancellor.

SIZER, CHAMBLISS & CHAMBLISS, for appellants.

MARTAIN & TRIMBLE, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

This suit was brought to recover a balance alleged to be due complainant on an employer's liability policy. There was a decree for the complainant below, from which defendant has appealed.

The complainant is a manufacturer in Chattanooga, and in 1912 obtained a liability policy from the defendant covering accidents to complainant's employees, which policy will be more particularly referred to later.

One J. R. Oliphant, an employee of the complainant, sustained certain injuries in the course of his work alleged to have been due to complainant's negligence, and brought suit for $25,000 damages in the district court of the United States. Notice of this suit was given to defendant surety company, and the

defense thereof was conducted jointly by the complainant and the surety company. There was a judgment in the district court for $6,000. A writ of error was sued out in the name of the complainant, and the case carried to the circuit court of appeals, where the judgment of the trial court was affirmed. 228 Fed., 636, 143 C. C. A., 158.

An effort was made to obtain a review of the case on *certiorari*, which was denied by the supreme court of the United States. Meanwhile an execution issued and was levied on property of the complainant to satisfy the judgment in favor of Oliphant and his costs and interest on said judgment pending the disposition of the writ of error by the circuit court of appeals. This execution was paid off by the complainant.

The surety company paid to the Casey-Hedges Company the sum of $5,000, but denied liability for any part of Oliphant's costs recovered, and for any part of the interest which had accrued on the judgment of the district court.

This bill was filed to recover the amount of Oliphant's costs and interest on $5,000 of the judgment.

The policy issued by the defendant surety company insured the complainant herein against "loss and expense arising from claims upon the assured for damages on account of bodily injuries accidentally suffered or alleged to have been suffered during the period of this policy by any employee of the assured by reason of the prosecution of the work described herein."

Another provision of the policy is as follows: "The company's liability on account of an accident to one person is limited to $5,000."

There is a provision with respect to notice of accidents, and then appear these clauses:

"If a claim is made on account of an accident, the assured shall give like notice thereof; and the company at its own expense will settle or contest the same."

"If a suit is brought on account of an accident, the assured shall forward immediately to the company or to its duly authorized agent every process and paper served on him. The company at its own expense will settle or defend said suit, whether groundless or not; the moneys expended in said defense shall not be included in the limitation of the liability fixed under this policy. The assured shall not assume any liability nor interfere with any negotiations for settlement or any legal proceeding, nor incur any expense, nor settle any claim except at his own cost without written consent of the company."

The contention of the defendant is that the extent of its liability, according to the terms of this policy, is $5,000, which sum it has paid, and that it cannot be held for anything else except "moneys expended in said defense." It is insisted that the costs and interest herein sued for are not included in the phrase, "moneys expended in said defense," and are not a part of the expense of defending the suit.

Most of the liability policies which have come under our notice provide for the defense of suits against the assured "at the cost" of the liability company. In this policy the insurer reserves the right to defend such suits "at its own expense."

There is some effort on the part of counsel to distinguish between the meaning of these two phrases. We are not able to take such distinction. The phrases are practically equivalent.

It has been held in a few cases that this undertaking to defend at its own cost did not bind the insurer for the taxable costs of the case, but that the language referred merely to such costs as attorney's fees, stenographer's charges, and the like. *National Provident Worsted Mills* v. *Frankfort, etc., Ins. Co.,* 28 R. I., 126, 66 Atl., 58; *Munro* v. *Maryland Cas. Co.,* 48 Misc. Rep., 183, 96 N. Y. Supp., 705.

We think the weight of authority is now to the contrary. See cases collected in note to *Aetna L. Ins. Co.* v. *Bowling Green Gaslight Co.,* 150 Ky., 732, 150 S. W., 994, as reported in 43 L. R. A. (N. S.), 1128. An undertaking therefore on the part of a liability company to defend a suit at its own cost or at its own expense binds such company for the payment of court costs, even though such costs exceed the maximum liability of the company for damages on account of an accident. Such costs are part of the cost of defense.

This proposition is not very seriously controverted by the defendant in this case. The principal con-

troversy is with reference to the defendant's liability for any part of the interest which accrued on the judg-ment of the district court.

It may be conceded that the greater number of adjudicated cases construing policies such as the one under consideration hold that interest on a judgment accruing during the time that an appeal therefrom is pending is not a part of the costs and expenses of the litigation in such a sense that it may be allowed in excess of the stipulated indemnity. *Davison* v. *Mary-land Cas. Co.,* 197 Mass., 167, 83 N. E., 407; *Munro* v. *Maryland Cas. Co.,* supra; *National, etc., Worsted Mills* v. *Frankfort, etc., Ins. Co.,* supra; *Coast Lum-ber Co.* v. *Aetna Life Ins. Co.,* 22 Idaho, 264, 125 Pac. 185, and other cases collected in notes Ann. Cas., 1914D, 1067, and 43 L. R. A. (N. S.), 1128.

The question is undecided in this State and with due deference we think that the view announced in the cases just cited is too narrow, and we are not inclined to follow these authorities.

Under the stipulations of the policy the insured has no control of the course of the litigation after the liability company undertakes the defense. Any in-terference on the part of the assured may forfeit his rights under the policy. He has no voice whatever in determining the propriety of an appeal. It would seem, therefore, that interest accruing during an ap-peal on so much of a judgment as the insurer was liable for should be borne by the insurer. To that

extent the appeal is prosecuted for the benefit of the insurer.

It is said, however, that the whole matter rests in the domain of contract, and that it is competent for the parties to agree that the liability of the insurer shall be so much and no more. This is undoubtedly true, and the question should be determined on the contract made between the parties.

In the contract before us the insurance company undertook to respond to the extent of $5,000 for damages sustained by the assured on account of bodily injuries suffered by the insured's employee. The insurer also reserved the right to assume the management and defense of any suits brought to recover such damages against the insured, and, when it assumed the defense, undertook to defend at its own expense—the moneys expended in such defense not to be included in the limit of liability previously fixed.

The insurer not only agreed to reimburse the insured to the extent of $5,000 for loss sustained for damage claims, but also stipulated that it would conduct any suit, the defense of which it undertook, at its own expense.

The expense of the latter undertaking, therefore, is expressly excluded from the limitation of liability for damages on account of the accident.

Is the interest on that part of a judgment for which the insurer is ultimately liable, accruing during the prosecution of an appeal, taken at the instance of the

insurer, a part of the expense of the litigation or of the defense?

We think it is. The interest on a judgment during such period is fixed by law. It applies to every case and is taxed on every judgment which is not reversed in the appellate courts. It is incident to every appeal and part of the expense of every unsuccessful appeal. The prosecution of an appeal or a writ of error is a part of the defense, and expense so incurred is an expense of the defense. We can see no reason for excluding such an item from the obligation of the policy to reimburse the assured for "moneys expended in said defense."

Such interest is commonly taken into consideration by counsel along with costs in advising about the propriety of appellate proceedings, and is reckoned as a possible expense of litigation.

This is the result reached by the Kentucky Court of Appeals in *Aetna Life Ins. Co.* v. *Bowling Green Gaslight Co.*, supra. Such also appears to be the opinion of the circuit court of appeals for the sixth circuit in *New Amsterdam Cas. Co.* v. *Cumberland Telephone & Telegraph Co.*, 152 Fed., 961, 82 C. C. A., 315, 12 L. R. A. (N. S.), 478. See, also, the dissenting opinion in *Saratoga Trap Rock Co.* v. *Standard Acc. Ins. Co.*, 143 App. Div., 852, 128 N. Y. Supp., 822.

Responding to one of the arguments advanced by the courts disallowing a recovery of interest under such circumstances, the Kentucky court said:

"An attempt, however, is made to distinguish between the items of damage and cost and the items of interest, and the argument is made that as the assured had the use of the $5,000 during the appeal, and as this use was worth the interest, therefore, this should not be accounted an expense, as the assured did not lose anything by paying the interest. But this argument overlooks the fact that the assured had to pay to the claimant the interest it now demands, and unless it recovers it from the insurance company, it will be out this item of expense incurred by the litigation. If the insurance company had paid the $5,000 when the judgment was rendered in the lower court, at which time the claimant first became entitled to interest, that would have ended its liability under the policy. But this it refused to do, and now, unless it pays the interest that accrued on this $5,000 after that time and pending the appeal, the assured will lose it. The fact that the assured had the use of the $5,000 pending the appeal has nothing to do with who shall pay this interest, but if it did, the parties would be on an equal footing, because the insurance company also had the use of the $5,000 during the appeal. It is simply a question of which one should bear this item of expense, and we think the insurance company should."

In the case before us the writ of error seems to have been sued out with the consent of the insured. Both the insurer and insured joined in the prosecution of this writ of error in the circuit court of ap-

peals.   The judgment affirmed was for $6,000.   The insurer was liable for $5,000, or five-sixths of this judgment.   The insurer is here seeking a recovery of five-sixths of the interest accrued and paid by it.

The chancellor pronounced a decree in favor of the complainant for the costs and five-sixths of the accrued interest paid by it, and this decree will be affirmed.