NATIONAL & PROVIDENCE WORSTED MILLS *vs.* FRANKFORT MARINE ACCIDENT & PLATE GLASS INS. CO.

JANUARY 9, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Employer's Liability Insurance.*

Defendant, under an employer's liability policy, agreed to indemnify plaintiff against loss arising from legal liability for damages on account of bodily

injury or death of employees, said indemnity not to exceed the sum of $5,000 in respect of any one employee. Under the terms of the policy the defendant should at its own cost undertake the defence of any legal proceedings in behalf of the plaintiff, and should have entire control of such defence:

*Held,* that a reasonable construction of the provisions of the policy was that the insurance company should be responsible for the employment of counsel, the fees of witnesses called in defence, and such other expenditures as were necessary to conduct the defence, but not including either the costs or interest in the execution.

ASSUMPSIT. Heard on exceptions to decision of justice of Superior Court, jury trial being waived. Case remanded to Superior Court for judgment on decision.

PER CURIAM. We have carefully considered the questions involved in this case and the authorities cited by the parties. While the cases are conflicting, we think the correct rule is stated in *Munro* v. *Maryland Casualty Co.*, 96 N. Y. Supp. 705, and the decision of the presiding justice of the Superior Court is correct. We accordingly adopt his decision as the opinion of this court.

## "DECISION.

"SWEETLAND, P. J. In this case a jury trial has been waived. On April 1st, 1898, the defendant issued to the plaintiff an employer's liability policy wherein the defendant agrees to indemnify the plaintiff for one year against loss arising from legal liability for damages, on account of bodily injury or death, suffered by any of the plaintiff's employees, resulting from accident happening in the plaintiff's premises. Said indemnity not to exceed the sum of $5,000 in respect to any one employee suffering bodily injury or death.

"Under the terms of the policy, if any legal proceedings were taken to enforce against the plaintiff a claim covered by the policy, the defendant should at its own cost undertake the defense of such legal proceeding in the name and behalf of the plaintiff, and the said defendant should have the entire control of such defense. And it was further provided by the terms of the policy that the plaintiff should not, except at its own

cost, settle any claim or incur any expense without the consent of the defendant thereto previously given in writing.

"During the term of the policy, one, Susan McGarr, an employee of the plaintiff, began legal proceedings against the plaintiff to enforce a claim covered by the policy. The defendant undertook the defense of such legal proceedings, and had entire control of such defense.

"In said proceedings the said Susan McGarr recovered judgment. The plaintiff satisfied the execution issued on said judgment, amounting to $6,000, with costs amounting to $161.70 and interest amounting to $326. In all, the sum of $6,487.70. Thereafter the defendant paid to the plaintiff the sum of $5,000 on its liability under said policy.

"In this case at bar the plaintiff is suing to recover the sum of $161.70, the costs, and $326, the interest in the execution in case of McGarr against the plaintiff. The plaintiff claims that the defendant is liable for such sum under its agreement that it would defend said legal proceedings at its own cost. The plaintiff also seeks to recover the sum of $75 paid to two physicians, Doctors McCaw and Keene, for services which the plaintiff claims were rendered for, and at the request of, the defendant, in the defense of said legal proceedings.

"The court finds from the testimony that in the defense of said legal proceedings the defendant employed the late David S. Baker, Esq., that to care for its interests the plaintiff employed Cyrus M. Van Slyck, Esq., and that in said legal proceedings the said Van Slyck did assist the said Baker, but the entire control of said defense was in the said Baker acting for the defendant; that in the preparation of said case for trial the said Van Slyck, at the request of the said Baker, did cause the two physicians named to be employed; that said employment was for the defendant in the conduct of the defense which it had undertaken in the name of the plaintiff, and that the employment of said physicians was not an expense incurred by the plaintiff.

"The court finds that the plaintiff is entitled to recover the money which the plaintiff was obliged to expend in payment

for the service of these physicians, employed in the plaintiff's name by the defendant.

"The court is of the opinion that the sum of $161.70, costs, and $326, interest, the plaintiff is not entitled to recover. The policy contemplates that the question of the defense of said legal proceedings and the extent to which said defense shall be carried are to be determined entirely by the insurance company.

When said legal proceedings are terminated, if the insured is found to be liable to the employee, then the amount of loss arising from said legal liability is fixed. In this case it was $6,000, the amount of the verdict; $161.70, costs, which are an allowance made to the successful party as recompense for the expense to which she was subjected, $326, interest, which is an allowance made to the successful party for the delay in obtaining the amount of her verdict during the time that the amount of the verdict was in the hands of the plaintiff and subject to its use. The item of costs and interest are not part of the cost of defense. A reasonable construction of the provisions of the policy that the insurance company should undertake the defense of the legal proceedings at its own cost is that it should be responsible for the employment of counsel, the fees of witnesses called in defense, and such other expenditures as are necessary to conduct the defense.

"The defense of the legal proceedings was for the benefit of the plaintiff as well as the defendant, and perhaps could not have been avoided save by the payment of the employee's claim in full. The items of costs and interest are parts of the loss arising from the plaintiff's liability, and when that is fixed the terms of the policy require that the defendant should indemnify the plaintiff to the extent of $5,000. That the defendant has done by the payment to the plaintiff of the sum of $5,000.

"The plaintiff is entitled to recover $75, paid to the physicians, with interest from the date of the writ in case at bar, amounting to $23.41.

"Decision for the plaintiff $98.41."

Case remanded to the Superior Court for judgment on the decision, in accordance herewith.

*Vincent, Boss and Barnefield,* for plaintiff.

*Lewis A. Waterman,* for defendant.