# Little Cahaba Coal Co. *v.* Aetna Life Ins. Co.

## *Assumpsit.*

(Decided April 15, 1915.  68 South. 317.)

1. *Insurance; Indemnity; Extent of Loss; Expenses of Litigation.*
—Where the indemnity contract stipulated that the insurer's liability
for loss should be limited to $5,000.00; that the insurer was to pay
the expenses of litigation in addition to the sum stipulated; that it
should, at its own cost, defend injury suits in the name of the as-
sured, and that assured should not incur expenses without the con-
sent of the insurer, and while the contract was in force, judgment
was recovered against the employer for injuries to an employee·in
the sum of $5,000.00, which judgment was affirmed on appeal, the
affirmance carrying with it 10 per cent in damages and interest pend-
ing the appeal, and the defense and appeal were conducted by the
insurer in the name of the insured, the interest and damages, were
not expenses of litigation within the meaning of the contract of
indemnity.

2. *Contracts; Construction.*—A contract will not be construed so
as to render it oppressive or inequitable to either party thereto, or
so as to place one of the parties at the mercy of the other, unless
it is clear that such was the manifest intention.

3. *Same; Meaning of Words.*—All words, whether they be in deeds
or statute or otherwise, if they be general words, should be restrained
unto the fitness of the matter and person.

4. *Insurance; Indemnity; Extent of Loss.*—As it is evident that
the contract here construed was made in view of that contingency
the fact that the insurer has exercised its option to defend the suit,
and had appealed from an adverse judgment, which appeal was un-
successful, and merely created an extra charge in damages and in-
terest, does not make the insurer liable therefor beyond the amount
limited in the contract.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by the Little Cahaba Coal Company against
the Aetna Life Insurance Company, for breach of an
indemnity contract. Judgment for defendant, and plain-
tiff appeals. Affirmed.

TILLMAN, BRADLEY & MORROW, and M. M. BALDWIN,
for appellant.

STOKELEY, SCRIVENER & DOMINICK, and I. M. ENGEL, for appellee.

SAYRE, J.—By the terms of the contract to be construed in this case defendant (appellee) indemnified plaintiff (appellant) "against loss or expense arising or resulting from claims upon the assured on account of bodily injuries or death accidentally suffered by any employee or employees of the assured by reason of the prosecution of the work and at the places" described in the contract. The contract contained the following stipulations which need to be considered, defendant being referred to as "Company :"

"A. The Company's liability for loss on account of an accident resulting in bodily injuries to or in the death of one person is limited to five thousand dollars ($5,000.00) ; and, subject to the same limit for each person, the Company's total liability for loss on account of any one accident resulting in the bodily injuries to or in the death of more than one person is limited to ten thousand dollars ($10,000.00)..

"The Company will, however, as provided in the conditions D and E hereof, pay the expense of litigation in addition to the sum herein limited, provided that, if the Company shall elect to pay the assured the sum as herein limited, it shall not be liable for further expenses of litigation after such payment shall have been made."

"D. If thereafter (after the occurrence of an accident) any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the Company's home office every summons or other process as soon as the same shall have been served on him, and the Company will, at its own cost,

defend such suit in the name and on behalf of the assured, unless the Company shall elect to settle the same or to pay the assured the indemnity as provided for in condition A hereof.

"E. The assured, whenever requested by the Company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claims, except at his own cost, without the written consent of the Company previously given."

During the life of this contract one Gilbert, an employee of plaintiff, was accidentally injured, sued plaintiff, and recovered judgment for the sum of $5,000. On appeal to this court this judgment was affirmed; the affirmance carrying with it 10 per cent. damages (Code, § 2893), and interest pending the appeal, and amounting on the date of its rendition to $6,672.25, exclusive of court costs. The defense and the appeal were conducted by defendant in the name of the plaintiff in this action. Defendant paid the costs, but to the satisfaction of Gilbert's judgment would contribute no more than $5,000, which also was paid forthwith. Plaintiff here sues to recover the overplus of $1,672.25, interest pending the appeal, and damages, which it was required to pay to Gilbert.

(1) The single question involved is whether the interest and damages awarded to Gilbert and paid by appellant are covered by "the expense of litigation" within the meaning of the contract, or whether they are to be included in the loss as to which appellee bargained for a maximum. We are in agreement with the learned

trial judge who answered this question in favor of appellee.

It may not be out of place to observe that this is a contract of indemnity into which the parties entered freely to accomplish their own purposes. Such contracts, like policies of insurance, when vague, ambiguous, or inconsistent, are generally construed with favor to the party indemnified; but this rule of favor can never be carried to the point of wresting the contract from its plain meaning when reasonably construed upon an examination of the whole instrument. —*Day v. Home Ins. Co.*, 177 Ala. 600, 58 South. 549, 40 L. R. A. (N. S.) 652; *Continental Casualty Co. v. Ogburn*, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377; *Rumford Falls Paper Co. v. Fidelity & Casualty Co.*, 92 Me. 574, 43 Atl. 503.

Cases adjudicating this question in other jurisdictions are not in accord. Our conclusion has been reached upon consideration of the language employed in the contract and the reason of the matter as it has appeared to us after an examination of the cases on either side.

By the great weight of authority contracts of this character are contracts of indemnity against loss, and not against liability merely, and the liability of the demnitor is deemed fixed only upon the payment of the judgment by the assured. See cases cited in the note to Ann. Cas. 1914D, 1095, infra. Now, this much seems clear upon the language employed by the parties: Appellee company contracted in some sort, not only for a maximum liability of $5,000 in respect of loss to be incurred by assured, but for the right, without interference on the part of assured, to negotiate a settlement or to litigate with the person claiming damages for an injury, and, at its own discretion, to prosecute an appeal from an adverse judgment, and

thus reserved the right to postpone the fixing of the liability of assured to the person injured and by the same token of its own liability to assured, until the date of affirmance, in advance of which assured could not settle with the injured without forfeiting the protection of the contract.

The company having determined to litigate, the effect of the contract, to state it in general terms, was to bind it to indemnify, to make good, and save assured from loss by reason of any judgment not in excess of $5,000 it might in the end be compelled to pay. In addition, the company was to pay the expense of litigation. We put aside any question as to officers' fees, taxable court costs, which have been paid, for as to them the parties are agreed that the company was liable, whether as loss or expense is immaterial, and they are not in dispute. As for the items in dispute, and claimed by the assured to be items of expense, the reference in stipulation E shows that the "expense of litigation" mentioned in the former was the "expense" mentioned in the latter. As regards other expenses included in stipulation E, the contract was not truly one of indemnity, for that stipulation was, not that assured should defend and look to the company for protection against the liability or reimbursement, but that the company should defend in its own way, at its own cost," and assured was not to "incur any expense  *  *  *  except at its own cost without the written consent of the company previously given." At this point then, evidently, expense meant, not any liability the assured might incur and be compelled by the judgment to pay, but such expense as was under the control of the party actually conducting the defense, as the expense of employing attorneys and preparing the case for trial in

the court below or on appeal. Presumptively, nothing appearing to the contrary, "expense" meant the same thing in both places, and, if "expense," in stipulation E, did not include interest and damages, as manifestly it did not, these items were not included in the expenses mentioned in stipulation A. They were therefore included in "loss," and this was their natural place; for they were nothing more or less than part and parcel of the judgment that assured was required to pay. But in respect of "loss" the company's liability was limited to $5,000 in case of injury to any one employee.

In the present case, the original judgment being for the sum of $5,000, the precise maximum bargained for, the construction which the language of the contract seems to require imposes on the assured the loss of interest pending the appeal in the employee's case and damages awarded on affirmance. Such would be the result in any case where the judgment exceeded the maximum indemnity. If, however, the judgment were for a smaller amount, the loss of these items would fall upon the indemnifying company in whole or in part, as the sum of these items might be less or greater than the difference between the judgment and the maximum of indemnity provided by the contract. The effect of this construction is to divide the risk in the long run of cases between the company and assured, as a sound policy of preventing negligence on the part of assured would seem to indicate as proper, while the other, to state its effect concretely, would lead to this result: If Gilbert's judgment had been reversed, and on a second trial, brought about by the company's appeal, an unreversible judgment for a much greater sum had been recovered, as not infrequently happens in cases where damages are to be liquidated in the unstandardized

judgment and discretion of a jury, the company would be required to respond in the full amount of such judgment. But such a result could only be reached by an elimination from the contract of the stipulations for a right to litigate and for a maximum of loss indemnified against. The company is as much entitled under the contract to the full protection of these agreed limiations upon the right of assured as assured is to the protection of the agreement of indemnity. This conclusion is sustained also by the numerical and intrinsic authority of the cases decided by other courts. See notes to *Cannon Mfg. Co. v. Employers' Indemnity Co.*, 161 N. C. 19, 76 S. E. 536, Ann. Cas. 1914D, 1095, and *Aetna Life Ins. Co. v. Bowling Green Gaslight Co.*, 150 Ky. 732, 150 S. W. 994, 43 L. R. A. (N. S.) 1128, where the cases are collected.

(2, 3) It is true that a contract will not be construed so as to render it oppressive or inequitable as to either party, or so as to place one of the parties at the mercy of the other, unless it is clear that such was their manifest intention at the time the agreement was made.— Elliott on Contracts, § 1521. It is also true that: "All words, whether they be in deeds, or statutes, or otherwise, if they be general, and not express and precise, shall be restrained unto the fitness of the matter and person."

(4) And on these principles assured bases its argument that the company, by exercising the right to litigate and to appeal, and by superseding the execution of the judgment pending appeal, caused the accumulation of interest and the imposition of the penalty of 10 per cent. damages, thereby creating an additional charge against the assured, and eating away its indemnity, for which it should be held responsible. The con-

nection between premise and conclusion is not satis-
factory. The case is to be determined on the answer
to this question: What did the parties, contracting at
arm's length, and with their eyes open, contracting with
reference to all cases that could arise under the policy,
in terms fairly applicable to every such case, mean by
the terms "loss" and "expense of litigation?" It scarce-
ly seems debatable that, if the judgment, including in-
terest and damages, had been less than the maximum
indemnity provided, assured would have been entitled
to reimbursement of interest and damages as an inte-
gral part of the judgment. On what just principal, then
can we construe this agreement, on consideration of
advantage to one of the parties, as operating in one
case differently from its operation in another, both
cases falling equally within its express and fit lan-
guage? Such a course is manifestly impossible. The
appeal is to an extrajudicial sense of equity which
would be of doubtful force even as such in the hard-
est case to be imagined as falling within the field of
the provision the parties intended to make. The com-
pany, for a consideration presumably bearing just and
reasonable relation to the obligation assumed, beyond
peradventure contracted for the right to litigate and
to appeal, and at the same time for a maximum of in-
demnity. The contract made a politic prudent division
between the parties of the risk of negligence on the part
of assured, and this, it cannot be doubted, was a mate-
rial part of the consideration for the obligation as-
sumed. We are unable to see that this contract, even
though construed as if intended for the emergency of
this case alone, is oppressive or inequitable, or how on
principle assured can be relieved of express limitations
upon its right which the company exacted as a condi-
tion of the indemnity afforded.

We think the judgment of the trial court should be affirmed.

Affirmed.

. ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.