NATIONAL BOX CO. *v.* NEW AMSTERDAM CASUALTY CO.*

(Division B.   Oct. 19, 1925.)

[105 So. 539.   No. 24920.]

INSURANCE. *Damages allowed by statute when judgment is affirmed on appeal held part of "expenses of litigation" for which insurer was liable under policy of indemnity insurance.*

Where an insurance company provides in its policy of indemnity that, "where a suit is brought against the assured to enforce a claim for damages for personal injury, the company will defend such suit in the name and on behalf of the assured, the expenses incurred by the company in defending such suit, including costs, if any, will be borne by the company, whether the verdict is for or against the assured, irrespective of the limits of liability," embraced in the policy, and where such company, in defending a suit against the assured, prosecutes an appeal to the supreme court from a judgment against the assured, the five per cent. damages allowed by statute on the judgment affirmed in case of affirmance is a part of the "expenses of the litigation," and such company is liable under the policy to the assured therefor.

---

*Headnote 1. Liability Insurance, 36 C. J., Section 73. As to how far limitation of liability in policy of indemnity insurance against liability for injuries to employees and others include expenses of litigation, see note in 43 L. R. A. (N. S.) 1128; 14 R. C. L., p. 1324; 3 R. C. L. Supp., p. 383.

APPEAL from chancery court of Adams county.
HON. R. W. CUTRER, Chancellor.

Suit by the National Box Company against the New Amsterdam Casualty Company. Judgment dismissing suit, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

*L. A. Whittington,* for appellant.
140 Miss.—17.

The only question presented by this appeal is the right
of the National Box Company, appellant, to recover
over and above the limit of liability fixed in the policy of
ten thousand dollars, the five per cent penalty that was
added to the judgment upon affirmance by the supreme
court. It is contended by the appellant that under the
terms of the policy herein sued upon, irrespective of the
limit of liability, the Insurance Company was obligated
to pay all "expenses incurred in defending the suit, if
any, taxed against the assured," and it is upon the con-
struction of condition "C" of said policy that the decision
of this hinges.

It is the contention of the appellant that a proper con-
struction of this condition makes the appellee liable to
the appellant for the five hundred dollars, irrespective
of the limits of liability expressed in the policy. In other
words, it is admitted by the company that the total
liability was ten thousand dollars, under the policy. The
same was paid. It is now contended by the appellant
that it should be made to pay over and above this limit
the five hundred dollars, or the five per cent of the judg-
ment taxed by the supreme court on affirmance of the suit
in appeal to that court.

We submit to the court that the five per cent is a fixed
cost, made so by statute against the unsuccessful litigant
on appeal. "It is a penalty fixed by law that follows
the affirmance of the judgment in the supreme court and
is made a penalty for appealing from a proper judgment
or decree." 60 Miss. 242.

In other words, the five per cent is an item of costs and
is embraced within the terms and meaning of costs as
used in the policy of insurance herein, and it is in no
sense part of the judgment.

The appellee relies upon *Little Cahaba Coal Company
v. Aetna Life Insurance Company*, 68 So. 317. We
submit to the court, however, that a comparison of the
provisions of the policy in that particular case with

those in the instant case will disclose that there is a difference between the obligations of the two.

Unlike the contract in the Alabama case, the contract in the present case covers not only "expenses incurred in defending the suit," but also "costs taxed against the assured," and also "interest." Moreover, we submit to the court that the line of decisions touching these matters is at variance. In *Aetna Life Ins. Co.* v. *Bowling Green Gaslight Co.*, 43 L. R. A. (N. S.) 1128, the supreme Court of Kentucky decided the question presented in the Alabama case contrary to the conclusion of the supreme court of Alabama.

It is manifest, that the parties to this contract intended to embrace, under the terms of the contract, an obligation to reimburse the appellant for the five per cent penalty, and that same cannot be construed, nor said to be part of the judgment that was rendered in the cause, as is contended for by the appellee herein.

*Ratcliff & Kennedy,* for appellee.

The wording of section 4926, Code of 1906, should settle this controversy: "In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages at the rate of five per centum and costs as follows:"

The very wording of the statute makes the five per centum a part of the judgment of the supreme court and not a part of the costs of litigation.

The five hundred dollars item is not "expenses incurred by the company in defending such suit." True, it is the result of the litigation; likewise, the entire judgment is the result of the litigation. To attempt to reason the matter out by merely taking the results produced and attributing the final judgment to the fact that there was litigation would lead to an absurdity.

The exact question was settled agreeable to appellee's contention in *Little Cahaba Coal Co.* v. *Insurance Co.,* 68 So. 317; the only difference between the contract in that case and the case at bar is that in the reported case the contract provided for "expenses of litigation" while in the case at bar it is "expenses incurred by the company in defending such suit."

The fact that the casualty company was to have charge of and direct the defense of the suit, but did so unsuccessfully, does not alter or vary the proper construction of the contract between the parties. This right to control the litigation was a part of the contract between the parties and all results therefrom were assumed by the Box Company. The appeal was prosecuted with the hopes of reducing or defeating the judgment, but the failure to accomplish such purpose could not affect the construction of the contract under which the duty was assumed. If the statutory damages should be held to be "expenses of litigation" or "costs," then by the same manner of reasoning interest on a judgment would be included in such phraseology, but to show that such was not the intention of the parties in making the contract in the case at bar, there is a special provision whereby the casualty company was to pay certain interest which, of course, negatives the idea that such items were intended to be included in the item "expenses."

ETHRIDGE, J., delivered the opinion of the court.

This is an appeal from a judgment of the chancery court of Adams county, dismissing a suit by the National Box Company against the New Amsterdam Casualty Company, brought on an indemnity policy issued by the casualty company to the box company, for five hundred dollars damages incurred by the affirmance of an appeal prosecuted by the casualty company in the name of the box company growing out of a personal injury suit

covered by the policy of indemnity, and also demanding four hundred dollars paid by way of a compromise and settlement to the party injured, which settlement was repudiated by the party, and judgment recovered against the box company.

The provision of the indemnity policy involved in this suit is condition C, and reads as follows:

"If thereafter any suit is brought against the assured to enforce such a claim for damages, the assured shall immediately forward to such executive officer of the company every summons or other process as soon as the same shall have been served on him, and the company will defend such suit, whether groundless or not, in the name and on behalf of the assured; the expenses incurred by the company in defending such suit, including costs, if any, taxed against the assured, will be borne by the company whether the verdict is for or against the assured, irrespective of the limits of liability expressed in the policy. In addition to the payment of expenses and costs as provided herein, the company will reimburse the assured for interest accrued on such part of the amount of the judgment after entry and payment thereof as shall not exceed the limits of liability expressed in the policy, whether or not the amount of such judgment shall exceed the amount of the company's liability as expressed in the policy. The company shall have the right to settle any claim or suit at any time."

The pertinent facts are: That the indemnity company issued its policy indemnifying the box company against liability for injuries to employees in the service of the box company to the extent of ten thousand dollars, with the clause above set out contained in such indemnity policy. After the issuance of such policy, and while it was in force and effect, one Ed W. Martin became and was injured while in the employment of the box company, and by virtue of the policy the casualty company was bound to indemnify the box company against liability for such injury. The casualty company undertook to

settle and compromise this injury of Martin's and paid him four hundred dollars in compromise and settlement of such injury, but such settlement was repudiated as being unfairly obtained and was alleged to be void, and suit was filed against the box company for the injury. The casualty company undertook the defense of this suit, and set up the alleged compromise and settlement, and, as a result of such suit so defended by the casualty company in the name of the box company and in its behalf, under the rights given the casualty company in the policy so to do, a judgment was obtained by Martin against the box company for ten thousand dollars. In the conduct of the suit by the casualty company, it obtained an instruction to the jury that, if they found against the box company, the jury would credit four hundred dollars upon the amount of damage they found to have been suffered.

After the rendition of this judgment, the casualty company appealed to this court in the name and for and on behalf of the box company, and on consideration of the cause the judgment of the court below was affirmed. The casualty company thereupon paid the judgment and the cost of the suit, but refused to pay the five per cent. damages incurred by reason of the affirmance of the judgment on appeal against the box company; the damage imposed by statute being five per cent. of the amount of the judgment appealed from.

The suit for the four hundred dollars, paid by way of compromise and settlement, is abandoned here, and the thing involved here is the liability for the five per cent. damages occasioned by the affirmance of the judgment amounting to five hundred dollars. The chancellor disallowed this item and dismissed the appeal.

It seems to us that a fair consideration of condition C makes the casualty company liable for this item, which was incurred by reason of the exercising of the right of appeal, which it had a right to do under its contract. The term, "the expenses incurred by the company

in defending such suit, including costs, if any, taxed against the assured, will be borne by the company whether the verdict is for or against the assured, irrespective of the limits of liability expressed in the policy," carries this liability if the words "expense of litigation" cover this five hundred dollar damages.

We are of the opinion that the five per cent. is an expense of the litigation resulting from the appeal and affirmance. The casualty company could have paid the judgment and escaped by acquiescence and payment. When it undertook to appeal, it necessarily undertook to assume such expenses as legally resulted from that fact. The court below evidently adopted the view of the *Little Cahaba Coal Co.* v. *Ætna Life Ins. Co.*, 192 Ala. 42, 68 So. 317, Ann. Cas. 1917D, 863, but the policy there involved had a limitation on the amount of the judgment, and the Alabama court held that the expenses of litigation did not cover the penalty imposed by statute in case of affirmance, and construed the policy to have a limitation on the entire amount of the judgment.

The appellant relies upon *Ætna Ins. Co.* v. *Bowling Green Gaslight Co.*, 150 Ky. 732, 150 S. W. 994, 43 L. R. A. (N. S.) 1128, and authorities contained in that opinion and the case note appended to the L. R. A. report. The provision there involved is practically indentical with the one here involved. After setting out the contention of the parties in that case, the supreme court of Kentucky said:

"The liability of the company is to be measured by all of the undertakings of the policy, and not alone by one. The policy should be construed as a whole, and effect given to all of its provisions, and, when so construed, the liability of the insurance company is not limited to five thousand dollars, nor are the words 'expense of litigation' to be confined to the items of expense indicated by counsel. That five thousand dollars was not intended by the policy to be the full extent of the liability is made plain by the condition obligating it to pay, in addition

to this, 'the expense of litigation,' and, when its agreement to pay the expense of litigation is considered in connection with the unlimited control of the litigation conferred upon it by clauses D and E, its liability for the expense of litigation should be made broad enough to fairly cover all of the expense incurred in the litigation that it compelled the assured to engage in. The insurance company had the undoubted right to compel the assured, against his will, to engage in litigation, or else forfeit the right to any part of the indemnity he had contracted for, and as it could, by electing to insist on litigation, burden the assured, against his consent, with the cost and expense of a lawsuit, the provisions of the policy should be liberally construed for his benefit. We think the words 'expense of litigation' embrace all the expenses that the assured was put to by the litigation, including costs, damages, and interest on five thousand dollars, and this construction is supported by the cases of *Travelers' Insurance Co.* v. *Henderson Cotton Mills,* 120 Ky. 218, 85 S. W. 1090, 117 Am. St. Rep. 585 (27 Ky. Law Rep. 653) 9 Ann. Cas. 162; *Southern Railway News Co.* v. *Fidelity & Casualty Co.,* 83 S. W. 620, 26 Ky. Law Rep. 1217; *Fidelity & Casualty Co.* v. *Southern Railway News Co.,* 101 S. W. 900, 31 Ky. Law Rep. 55; *Cudahy Packing Co.* v. *New Amsterdam Casualty Co.* (C. C.), 132 F. 623, although a different conclusion was reached in the construction of somewhat similar policies in *Davison* v. *Maryland Casualty Co.,* 197 Mass. 167, 83 N. E. 407; *National Providence Mills* v. *Frankfort Marine Ins. Co.,* 28 R. I. 126, 66 A. 58, *Maryland Casualty Co.* v. *Omaha Electric Co.,* 157 F. 514, 85 C. C. A. 106. We are unable to perceive upon what reasonable theory the words 'expense of litigation' should be limited to one part of the expense more than another, or why they should be held to include cost incurred in litigation and not interest or damages incurred in it. The damages that the insured incurred in appealing the case and the interest on five thousand dollars that accrued pending

the appeal are as much a part of·the expense of litigation as the court costs. No sound distinction can be made between these items of expense. Certain it is that the assured was compelled to pay on account of this litigation the court costs, the damages, and the interest on five thousand dollars from the date of the judgment in the lower court, no part of which it would have been required to pay except for the litigation.''

We think the views so expressed are sound, and that the company is liable for the five per cent. damages incurred by the appeal amounting to five hundred dollars. The judgment of the court below will therefore be reversed, and judgment rendered here in favor of the appellant.

*Reversed, and judgment here.*